———o———

EMOGENE E. FORRESTER, *et al.,* Defendant in Error, *vs.* B. C SCOVILLE, *et al.,* Plaintiff in Error

1. *Equity—Suit to divest title—Character of proof required.*—In an action in the nature of a suit in chancery, to divest defendant of his title to certain lands, the evidence in order to warrant a decree in favor of plaintiff must be so clear, definite, and positive, as to leave no reasonable ground for hesitancy in the mind of the Chancellor.

*Error to Lafayette Common Pleas Court.*

*Wallace and Mitchell,* for Plaintiff in Error.

*Geeene and Rathbone, and John H. Beatty,* for Defendant in Error.

SHERWOOD, Judge, delivered the opinion of the court.

This action is in the nature of a suit in chancery, brought by plaintiff to divest defendant of title to Lot 4, Block 41, in the first addition to the City of Lexington, and vest the same in said Emogene E. Forrester, by whom the plaintiffs claim the money was furnished with which said lot was bought.

Upon issues submitted to a jury, embracing the facts as to the ownership of the money, a verdict was had in favor of plaintiffs, and thereupon the Court entered a decree as prayed in the petition.

I have examined with care the testimony in the cause and am satisfied from such examination, that the evidence greatly preponderates in favor of the defendant, and fully supports the denial contained in his answer, that the plaintiff, Emogene E. Forrester, was the owner of the purchase money expended for the lot in question.

But even had the testimony preponderated on the side of the plaintiffs, it would not have been sufficient to have warranted a decree in their favor, unless of a character so clear, definite and positive, as to leave no room or reasonable ground for hesitancy in the mind of the Chancellor, as to the ownership of the money. (Johnson *et al.*, vs. Quarles *et al.* 46 Mo., 423, and cases cited.)

The Decree of the Court below is reversed, and the petition dismissed. Judge Vories not sitting. The other Judges concur.