Jackson v. Wood.

## JACKSON *et al.* v. WOOD, *Appellant.*

1. **Deed**: CANCELLATION OF FOR FRAUD: EVIDENCE.   When a grantor in a deed of land seeks its cancellation and the reinvestiture of title on the ground of fraud or mistake, the *onus* of establishing the same is on such grantor, and before the relief asked for will be given, the fraud or mistake must be established by clear and convincing evidence.

2. The evidence in this case reviewed and held, reversing the judgment of the lower court, that the plaintiff failed to make out her case as required by the above rule.

*Appeal from Vernon Circuit Court.*—HON. J. D. PARKINSON, Judge.

REVERSED.

*Scott & Stone* and *G. S. Hoss* for appellant.

The respondent's case depends on her own unsupported testimony, and fails to meet the requirements of the rule in cases like this, that the proof should be "so clear, definite and positive as to leave no room or reasonable ground for hesitancy in the mind of the chancellor," as to the truth of respondent's statements before the decree asked by her should be granted.   *Forrester v. Scoville*, 51 Mo. 268 ; *Johnson v. Quarles*, 46 Mo. 423.

*E. E. Kimball* and *E. J. Smith* for respondents.

The finding and judgment were for the right party.

*McCormick v. Miller*, 102 Ill. 208. This court should not disturb the finding of the trial court. *Faust v. Bemer*, 30 Mo. 414; *Garvin v. Williams*, 44 Mo. 465; *Street v. Gass*, 62 Mo. 226.

NORTON, J.—This suit was instituted in the circuit court of Vernon county to set aside and cancel a deed executed in 1876 by plaintiff, Rhoda C. Wood (now Rhoda Jackson), conveying to Austin C. Wood certain land in the petition described. The circuit court rendered a decree according to the prayer of the petition, cancelled the deed, and invested the title in plaintiff, subject to a mortgage which had been put upon the land by said Wood to secure the payment of five hundred dollars. From this decree the defendant has appealed to this court and seeks to reverse it on the ground that it is not supported by the evidence. Since the appeal to this court the death of defendant was suggested and the cause revived in the name of his heirs.

The petition charges in substance that plaintiff Jack, son was the wife of Gallatin A. Wood, who died in January, 1874, the owner in fee of the land in controversy—which was his homestead; that after his death she continued to reside on the land till some time in 1878, when she married her co-plaintiff Jackson; that A. C. Wood, who was a son of said Gallatin A. Wood by a former marriage, took charge of matters connected with the farm after his father's death; that confidential relations existed between plaintiff and defendant; that defendant always represented to her that she was only entitled to one-third of the land; that she was illiterate and unable to read or write; that in August, 1876, relying on defendant's representations as to the value and quantity of her interest, she accepted an offer of two hundred and thirty dollars for her interest in the land : that defendant brought a deed for her to be signed, and pretended to read the same to her as conveying one-third interest

therein, whereas, in truth and in fact, the said deed conveyed to said Wood an absolute fee-simple estate in all the land, and that she was induced to execute the same by the false and fraudulent representations of defendant; that she only owned an interest of one-third, when in fact she had an absolute title to the whole, and that the land was worth fourteen hundred dollars. The answer, besides being a general denial, set up that at the time of defendant's purchase, plaintiff had full knowledge of her title, and that in addition to the price paid, it was agreed that plaintiff and her child should have a home with him as long as she chose to remain.

When the grantor in a deed seeks its cancellation and a reinvestiture of title on the ground of fraud or mistake, the *onus* of establishing the fraud is upon him or her, and before relief can be granted the fraud or mistake must be established by clear and convincing evidence. This class of cases is analogous to that class where a resulting trust is sought to be established by parol evidence, in which, in the cases of *Johnson v. Quarles*, 46 Mo. 423, and *Forrester v. Scoville*, 51 Mo. 268, the rule is laid down that to warrant a decree the evidence must be so clear, definite and positive as to leave no reasonable ground for doubt. The security of titles and the temptations to perjury when they are sought to be overturned by parol testimony by the party making the deed, necessitates a rule requiring such party to make out his case by a clear preponderance of evidence. This, we think, has not been done in this case. Plaintiff, who was introduced on her own behalf, is the only witness who testified to the facts alleged in the petition, and her testimony is flatly contradicted by that of Austin Wood and John Wood, both of whom swore that the plaintiff was fully informed that she was the absolute owner of the land, and that the deed was read correctly and as it was written, before she signed and acknowledged it. Their evidence as to her knowledge of her right to the land was

corroborated by that of Mr. Starks, another witness who testified that some time anterior to the sale, he had a conversation with plaintiff, who said she was talking about selling out, and was to get somewhere from two hundred to two hundred and fifty dollars, and that he told her that under the law she was entitled to fifteen hundred dollars of real estate absolutely, and that would cover the whole place. She said if she did not sell out she would leave the place.

Greer and his wife both testified to a conversation had with plaintiff in the latter part of the summer or fall of 1876 in which she claimed to be the absolute owner of the land. The character of Greer was impeached by three witnesses and sustained by three. Besides this, plaintiff testified that the deed was acknowledged before Mr. Ely, a justice of the peace, who started to read the deed to her and that defendant stopped him, saying that he had read the deed to her, and that he said not to read it to her again. In this she is contradicted by the justice, who states in his evidence, that he asked if he should read the deed, and Austin said "he had read it to her, but you can read it again if she wishes to hear it;" that defendant was willing for him to read it. She also testified that John Wood did not go with them to the justice's when the deed was acknowledged, and that no one was present but Austin and John Wood, and Mrs. Ely. In this she is contradicted by Ely, Austin and John Wood. The preponderance of the evidence is on the side of defendant instead of plaintiff, and under the rule indicated in the outset of this opinion the decree cannot be permitted to prevail. Judgment reversed, in which all concur.