————o————

JOHN KENNEDY, Defendant in Error, *vs.* Estate of A. A. KENNEDY, Plaintiff in Error.

1. *Equity—Resulting trusts as to land—Parol statements—Evidence touching.*—In suit against the heirs of a deceased person to establish a resulting trust as to land, in plaintiff's favor, on the basis of parol admissions, the evidence to warrant a recovery must be so emphatic and unequivocal as to banish every reasonable doubt from the mind of the chancellor respecting the existence of the trust. Evidence as to such statements unless strongly corroborated will be insufficient.

*Error to Franklin Circuit Court.*

*Henry Flanagan & T. W. B. Crews,* for Appellant.

I. Mrs. Kennedy, wife of the plaintiff, was in no sense his agent. The facts show that he was present when the alleged payment was made to A. A. Kennedy, in the full possession of his faculties, acquainted with all the circumstances, qualified, by education and otherwise, to manage his own affairs. His wife, on the other hand, could neither read nor write, and was in no respect peculiarly fitted for the office. But there is no evidence from which her agency can be in-

ferred. Her statement that she was her husband's agent does not, of itself, make her such. The payment, by her, of the money in her husband's presence, was not such an act as will raise the presumption of agency. (Sto. on Agency, § 3; 41 Mo., 510.)

II. Where it is sought to establish a resulting trust in lands the payment of the purchase money by the *cestui que trust* must be proved by clear and undoubted evidence; otherwise, a court of equity will not interfere. The payment of the purchase money by the *cestui que trust*, and not the agreement of the parties, is the fact from which the law implies the trust; and that must not be left in doubt, but must be established beyond a question. No inferences can be indulged. (Farrington vs. Barr, 36 N. H., 86; Gascoigne vs. Twing, 1 Ver., 366; Enos vs. Hunter, 4 Gill., 211; Kellogg vs. Wood, 4 Paige, 579; Partridge vs. Havens, 10 *Id.*, 618; Farringer vs. Ramsey, 4 Md. Ch., 33; Baker vs. Vining, 30 Me., 121; Johnson vs. Quarles, 46 Mo., 423; Ringo vs. Richardson, 53 *Id.*, 385; Paige vs. Paige, 8 N. H., 187.)

III. Where the purchaser is dead, (as in the case at bar) evidence of his declarations is very unsatisfactory, on account of the facility with which it may be fabricated and the impossibility of contradicting it. It has never been considered, of itself, sufficient to establish a resulting trust. (Lench vs. Lench, 10 Ves., 518; Enos vs. Hunter, 4 Gill., [Ills.] 211; 1 Hoffman Ch., 90; Jackson vs. Moore, 6 Cow., 706; Jackson vs. Bateman, 2 Wend., 570; Jackson vs. Matsdaf, 11 John., 91; Boyd vs. McLean, 1 John. Ch., 216.)

IV. Giving the evidence of the plaintiff full credit, we submit that he cannot recover. In order to raise a resulting trust, " the whole consideration for the whole estate, or for a moiety, or for a third, or for a joint tenancy or tenancy in common in the whole or in a particular fraction, or for some other definite part of the whole, or for a particular interest, must be paid in order to be the foundation of the trust. The contribution or payment of a sum of money, generally, when such payment does not constitute the whole consideration,

does not raise a trust by operation of law, for him who pays it. The reason of this distinction is, that neither the entire interest in the whole estate, nor in any given part of it, could result from such a payment to the party who makes it, without injustice to the grantee by whom the residue of the consideration is contributed." (Per Chancellor Jones, in White vs. Carpenter, 2 Paige, 241.)

In the case at bar, the important element of a resulting trust, namely, that the grantee should receive the title without paying or incurring any liability to pay any part of the consideration money is wanting. It is admitted that the grantee paid a considerable portion of the purchase 'money; hence, no trust results to plaintiff. (Smith vs. Burnham, 3 Sum., 467; Sayre vs. Townsend, 15 Wend., 647; Freeman vs. Kelley, 1 Hoff., 90; Perry vs. McHenry, 13 Ill., 227; McGowan vs. McGowan, 14 Gray, [Mass.] 119; Cutler vs. Tuttle, 4 E. C. Green., [19 N. J.,] Eq., 549; Dudley vs. Batchelder, 53 Me., 403.)

V. "Where it is sought to establish a resulting trust by parol evidence, courts have ever been careful to examine into every circumstance which may affect the probability of the alleged claim, as a lapse of time, the means of knowledge and circumstances of the witnesses; and the relief sought will not be granted, when the evidence is not clear in support of the alleged right; especially where no claim has been set up during the life-time of the trustee, but is raked up and charged against the heirs, who may not be supposed to know anything about, or able to defend it as their ancestor would." (Per Caton, J., in Enos vs. Hunter, 4 Gill., [Ills.] 211.)

*Jesse White and R. H. Husser*, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit in the nature of a bill in equity brought by John Kennedy against the heirs and widow of Allen A. Kennedy deceased, and also against the administrator of the decedent's estate to have a resulting trust established in plaintiff's favor as to a lot in Pacific, in Franklin County, the

petition alleging that decedent was the agent of plaintiff, had been employed by him and furnished with $900 to buy said lot for plaintiff and had agreed to purchase the same as the agent of plaintiffs and supply any defect which might arise in completing the payment of the purchase money; that decedent afterwards bought the lot of the railroad company for $1,200, received a conveyance in his own name and agreed with plaintiff to re-convey to him upon the payment of the sum of $400 which decedent has advanced in addition to the $900 previously furnished; but that decedent had died without having executed to the plaintiff the promised conveyance. The petition concludes with a prayer for a decree divesting defendants of all title to the real estate mentioned in the petition, upon the payment of the alleged balance of the purchase money, and for other and further relief.

The answer was a statutory general denial, and on the case being submitted to the court on the evidence adduced, a decree as prayed was rendered in behalf of plaintiff.

I have examined with care the evidence in this cause and find myself unable to arrive at the same conclusion reached by the court below. That evidence is altogether parol, consisting, with one exception which will be presently noticed, of alleged verbal statements and admissions of the deceased Allen A. Kennedy.

The subject of resulting trusts and the nature and amount of testimony necessary to establish them, has heretofore been discussed by this court, notably in the cases of Johnson vs. Quarles, (46 Mo., 423,) and Ringo vs. Richardson, (53 Mo. 385,) in which the leading authorities in relation to these trusts are examined and reviewed at some length. And the result deducible from those cases and the authorities therein cited is briefly this:

That where it is sought to establish by parol evidence a resulting trust of the character mentioned and charged to exist in the plaintiff's petition, such evidence must be so strong and unequivocal as to at once banish every reasonable doubt from the mind of the chancellor respecting the existence of such

trust; that evidence of verbal statements and admissions alleged to have been made by a deceased person in regard to the ownership of the money which forms the basis of such trust is, unless supported by strong corroborative evidence, as for instance that the claimant's money was placed in the hands of the deceased for investment, wholly insufficient.

And yet it is by Mrs. Kennedy the wife of plaintiff alone that it is proposed to show that plaintiff was the owner of the $900, alleged to have furnished the decedent. She testifies that she was the agent of her husband; that he was incapable of attending to his own business. But on the point of her husband's capacity, she is flatly contradicted by several witnesses, by whom it is shown that her husband was a fair scholar, kept his own papers and books, attended to his own business affairs, loaning small sums of money and the like, while she was very illiterate and could neither read nor write. This witness testified that as the agent of and in the presence of her husband she paid the $900 to the deceased. Under such circumstances however she could not be regarded as the agent of her husband, since the mere handing the money in her husband's presence, is a transaction possessing none of the elements of agency about it. And since the testimony of Mrs. Kennedy as to the payment of the money to the decedent, must be rejected, it follows that there is an entire dearth of testimony in this particular and the case must rest upon verbal declarations, and admissions of him through whom the heirs derive title to the land in question. But could this difficulty be surmounted, the plaintiff is met with one equally fatal to his claims; for his wife, but a short time before Allen A. Kennedy's death, about six weeks after the purchase of the lot from the R. R. Co. and during his last illness, and after speaking about the critical condition in which he was, stated to Mrs. Donahue—if the latter is worthy of belief—that she "had not paid anything on the place yet," and also made use of other similar expressions, entirely at variance with the whole scope and drift of her testimony. And these statements she does not pretend to deny, but attempts to frame a flimsy

excuse by which she seeks to avoid the force and effect of such damaging declarations..

I should be very loath, therefore, with such weak and inconclusive testimony before me to sanction so dangerous a precedent as the affirmance of the decree of the court below would create. The statute of frauds is a very wholesome one, whose enactment originated in sound wisdom and a just appreciation of the dangers to be apprehended from "slippery memory," and many eminent jurists have frequently expressed unfeigned regret that the rigor of that safe law had ever been abated by innovations of any character. But since those innovations have become imbedded in our system of jurisprudence, the disposition exists and finds an entire unanimity of expression in all the courts, to keep them strictly confined within the barrier originally assigned them, and to require evidence, where any interest in lands is sought to be created or affected, almost, if not altogether, as conclusive as the note or memorandum required by the statutes referred to.

Judgment reversed and petition dismissed.