WEISS *et al.*, *Appellants*, v. HEITKAMP *et al.*

Division One, February 19, 1895.

Deed: CONSIDERATION: RESULTING TRUST: EXTRINSIC EVIDENCE. Where
a deed recites a consideration, extrinsic evidence is, in the absence
of fraud or mistake, inadmissible to disprove such consideration and
to establish a resulting trust in the grantor.

*Appeal from St. Louis City Circuit Court.*—HON. L. B.
VALLIANT, Judge.

AFFIRMED.

*Frank K. Ryan* and *J. M. Holmes* for appellants.

(1) From the facts set forth in the petition, a trust
in favor of plaintiffs arises by implication of law. Such
a trust is not within the statute of frauds, and the facts
from or out of which it arises may be proved by parol
evidence. ·Hence the court erred in excluding parol
evidence offered for this purpose. Pomeroy's Equity
Jurisprudence, sec. 1032, and cases cited, and sec. 1293;
Beach's Modern Equity Jurisprudence, sec. 233; *Ryan
v. Dox*, 34 N. Y. 319; Bispham's Equity [5 Ed.], 156;
*Haigh v. Kaye*, L. R. 7 Ch. App. 469; *Davies v. Otty*,
35 Beav. 208; *Worley v. Dryden*, 57 Mo. 226; *O'Neill
v. Capelle*, 62 Mo. 202; *Schradski v. Allbright*, 93 Mo.
48; *Cobb v. Day*, 106 Mo. 295; *Wine Co. v. Rinehart*,
42 Mo. App. 171. (2) The court below erred in
excluding the account rendered to Kleekamp by defend-
ant. Browne on the Statute of Frauds, secs. 109 and
111, and cases cited.

*Kehr & Tittmann* for respondents.

(1) The petition does not allege a resulting trust, which arises by mere implication of law, but an express trust created by the contract and agreement of the parties. Such a trust in land can not be proved or established by parol evidence. R. S. 1889, sec. 5184; *Green v. Cates*, 73 Mo. 115; *Mansur v. Willard*, 57 Mo. 347. No trust can arise in opposition to the express terms of a conveyance. Kleekamp, by warranty deeds reciting a full consideration, conveyed the premises to Heitkamp in fee. Neither he nor his heirs, who stand in his shoes, can contradict the deed. *Fouty v. Fouty*, 34 Ind. 433; *Gould v. Lynde*, 114 Mass. 366; *Grove v. Learoyd*, 140 Mass. 524; *Moore v. Jordan*, 65 Miss. 229; *Farrington v. Barr*, 36 N. H. 86; Pomeroy's Eq. Jur., secs. 1035 and 1036; *Lawson v. Lawson*, 117 Ill. 98; *Cain v. Cox*, 23 W. Va. 594; *Kelly v. Karsner*, 72 Ala. 106; *Champlin v. Champlin*, 136 Ill. 309; *O'Brien v. Gaslin*, 20 Neb. 351; Perry on Trusts [4 Ed.], sec. 76. (3) The receipt of the consideration recited in the deed can not be contradicted for the purpose of raising a trust in the grantor. *Bobb v. Bobb*, 89 Mo. 411; *Henderson v. Henderson*, 13 Mo. 151; *Farrington v. Barr*, 36 N. H. 86; *Graves v. Graves*, 29 N. H. 129; *Philbrook v. Delano*, 29 Me. 410; *Gerry v. Stimson*, 60 Me. 186; *Connor v. Follansbee*, 59 N. H. 124. (4) A party can not be said, in any legal sense, to commit a fraud by refusing to perform a contract void by the statute of frauds; he has not in that sense made a contract, and has a perfect right, both at law and equity, to refuse performance. Beach on Modern Eq. Jur., sec. 234; *Levy v. Brush*, 45 N. Y. 589; *Wheeler v. Reynolds*, 66 N. Y. 227; *Scott v. Harris*, 113 Ill. 448; *Tatge v. Tatge*, 34 Minn. 272; *McClain v. McClain*, 57

Iowa, 167; Browne on Statute of Frauds [4 Ed.], secs. 94*a* and 95. (5) The petition avers an express trust. Appellants now contend that the trust intended to be asserted is a resulting trust. This claim proceeds from an entire misconception of the nature and character of a resulting trust. As an implication of law, but not as the result of any agreement between the parties, a resulting trust will arise in favor of the party who pays the purchase money for land, the title of which is taken in the name of another. *Kelly v. Johnson*, 28 Mo. 249; *Baumgartner v. Guessfeld*, 38 Mo. 36. (6) And the purchase money must, at the time of payment, be the property of the party setting up the trust. Browne on Statute of Frauds, secs. 87, 89 and 90; Perry on Trusts [4 Ed.], sec. 126, p. 145, and secs. 133 and 134, p. 155; *Stephenson v. McClintock*, 141 Ill. 604. (7) The account was properly excluded. R. S. 1889, sec. 5184; *Renz v. Stoll*, 94 Mich. 377; *Smith v. Mathews*, 3 DeG., F. and J., 139.

BRACE, P. J.—By general warranty deed, dated the twelfth day of January, 1885, John C. Kleekamp conveyed to his son-in-law, the defendant, B. Joseph Heitkamp, certain real estate in the city of St. Louis known as the "Autumn Street" property for the recited consideration of $12,000; and, by a like deed of the same date, conveyed to the said Heitkamp certain other real estate in said city, known as the "River Des Peres" property, for the recited consideration of $5,000.

Afterward, on the nineteenth day of February, 1885, the Fourth National Bank of the city of St. Louis instituted suit, by attachment, upon two notes of the said Kleekamp, payable on demand, and protested for nonpayment on the seventeenth day of January, 1885, one dated May 3, 1881, for $5,000, the other dated September 1, 1882, for $15,000; in which suit the bank

recovered a personal judgment against said Kleekamp, on the fifth of November, 1885, for the sum of $19,409.30, and upon the sixth of November, 1885, this judgment was assigned to John T. Percy. Upon execution, issued upon this judgment, the real estate described in the aforesaid two deeds was sold to the said John T. Percy—the "Autumn Street" property for the sum of $5,125, and the "River Des Peres" property for the sum of $500. The said Percy received a sheriff's deed therefor, dated December 7, 1885, and on the same day assigned the unpaid balance on said judgment to the defendant Heitkamp, and on the ninth day of December, 1885, executed a deed, his wife uniting therein, conveying said real estate to the said Heitkamp for the recited consideration of $5,625.

After the execution of the deed from Kleekamp to Heitkamp, and after the institution of the suit by attachment by the bank against Kleekamp, to wit, on the sixth of March, 1885, the bank instituted another suit against Kleekamp and Heitkamp to set aside the said deeds of the twelfth of January, on the ground that they were executed to defraud the creditors of the said Kleekamp; which suit was, on the seventh of November, 1885, dismissed, being the same day on which the execution was levied upon the real estate.

On the fourteenth of March, 1887, John C. Kleekamp died intestate, leaving surviving him three daughters, his only heirs at law—the plaintiff, Angelina Weiss, the defendant Lena H. Heitkamp, and Mary N. Kleekamp, who is not a party to this suit.

At the December term, 1891, of the circuit court of the city of St. Louis, Angelina Weiss and her husband, Albert E. Weiss, instituted this suit against the said B. Joseph Heitkamp and his wife, charging in the petition, in substance, that, although the said John C. Kleekamp did, "for purposes of his own," convey said real estate

to the said B. Joseph Heitkamp by the said deeds of
January, 12, 1885, "the conveyances were made without
consideration and in trust for the use of the said John
C. Kleekamp, his heirs and assigns, and were made
upon a distinct understanding and agreement between
the said Kleekamp and the said Heitkamp that the said
Heitkamp should hold the said property for the use and
benefit of the said Kleekamp, should collect the rents
and profits thereof and pay the same to the said Klee-
kamp, and should convey the said property to the said
Kleekamp, or to such person or persons as he might
nominate, whenever requested so to do by said Klee-
kamp; and that the said John T. Percy conveyed said
property by his said deed of the ninth day of December,
1885, to the said B. Joseph Heitkamp at the instance
and request of the said John C. Kleekamp; and in all
the transactions aforesaid, the said Percy and Heitkamp
acted at the request of, and as the agents and trustees
for, the said Kleekamp, who furnished to said Percy
the money to buy said claim and judgment, and to buy
said property at the sheriff's sale; that the said Percy
held said claim and judgment as trustee for said Klee-
kamp, purchased said property at said sheriff's sale as
trustee for said Kleekamp, and assigned said judgment
and conveyed said property to said Heitkamp, at the
request of said Kleekamp, without consideration, to be
held by said Heitkamp in trust for the sole use and
benefit of said Kleekamp, his heirs and assigns, and
upon and under the distinct understanding and agree-
ment, as hereinbefore set forth, between the said Klee-
kamp and the said Heitkamp, that the said Heitkamp
should hold the said property for the use and benefit of
said Kleekamp, should collect the rents and profits
thereof and pay the same to said Kleekamp, and should
convey the said property to the said Kleekamp, or to
such person or persons as he might nominate, whenever

requested so to do by the said Kleekamp; that during
the lifetime of the said Kleekamp the said Heitkamp,
in pursuance of said agreement and trust, did collect
the rents and profits of said property and pay the same
to the said Kleekamp; that, since the death of the said
Kleekamp he has appropriated the same to his own use,
and has failed and refused to account to the plaintiff
for her proportion or any part thereof, though often
requested so to do, and has refused to convey to the
plaintiff her share and proportion of said premises.''

Wherefore, plaintiff prays that the said B. Joseph
Heitkamp be declared to hold said premises in trust for
the said three daughters of the said John C. Kleekamp;
that he be required to account for and pay over to
plaintiffs their share of the rents and profits thereof,
and ''to convey to plaintiffs by good and sufficient con-
veyance their interest in the premises;'' and for gen-
eral relief.

The answer was, in substance, a general denial,
except as to the record facts hereinbefore stated.

On the trial it was admitted that the estate of John
C. Kleekamp had been administered, and final settle-
ment made in the probate court.

The plaintiffs, after making proof of the matters
and facts of record as hereinbefore stated, introduced
the defendant, B. Joseph Heitkamp, who, after testify-
ing that the deeds of the twelfth of January were both
delivered to him by John C. Kleekamp on that day,
and that there was no agreement between him and the
said Kleekamp, either before or at the time of making
said conveyance, in regard thereto, was asked many
questions for the purpose of eliciting parol evidence
proving or tending to prove that he gave no considera-
tion for said conveyances, and that the money be paid
for the conveyances from Percy had all been returned
to him by Kleekamp between the twenty-third of May,

1885, and the eighth of February, 1886. To the admission of all evidence of this character the defendants objected, and their objections were sustained by the court. The court, on the objection of the defendants, also refused to permit the plaintiff Albert E. Weiss to give any evidence in regard to a conversation supposed to have been had by him with Heitkamp with reference to the terms upon which he acquired said real estate, or as to who occupied or paid the taxes thereon between the date of the conveyances and the date of Kleekamp's death; or as to who collected the rents on the "River Des Peres" property between those dates.

Thereupon, the plaintiffs took a nonsuit with leave, and, the court thereafter refusing to set the same aside upon proper motion, they bring the case here by appeal.

The contention of the plaintiffs is, that the court erred in refusing the evidence aforesaid, on the ground that the same, if admitted, would have tended to prove a trust, resulting by implication of law, not obnoxious to the statute of frauds, and enforceable in a court of equity, and was admissible for that purpose. And for support of their contention they rely principally upon a number of cases in this and other states, in which it is held that evidence is admissible to show that an absolute conveyance is a mortgage, and upon the case of *Haigh v. Kaye*, L. R. 7 Ch. App. 469, and *Davies v. Otty*, 35 Beav. 208.

In regard to these authorities we deem it necessary only to say that the mortgage cases are not in point; that the precise question here was not decided in the case of *Haigh v. Kaye, supra,* the trust in that case having been admitted; and, while the case of *Davies v. Otty*, 35 Beav., *supra,* does support the contention, it is not in line with the authorities upon this subject. Both of these cases were cited and pressed upon the consid-

eration of this court in *Bobb v. Bobb*, 89 Mo. 412, in which case we distinctly held that while "the consideration expressed in a deed is open to parol explanation for most purposes, * * * a want of consideration can not be shown against the recitation in the deed for the purpose of * * * showing a resulting trust in the grantor."

The plaintiffs complain that they were not permitted, in the face of the recited pecuniary consideration of the two warranty deeds of the twelfth of January, to show by parol evidence that those deeds were without consideration in fact, and that the money consideration recited in, and in fact paid for, the Percy deed by the defendant, Heitkamp, was afterward returned to him by Kleekamp—from which facts, they contend, a trust would result by implication of law for the benefit of the grantor and his heirs. This contention can not be maintained.

The doctrine maintained on this subject by the authorities, and applicable to the present contention, is thus stated by Mr. Pomeroy: "If the instrument is a deed, no extrinsic evidence of the donor's intention is admissible, unless fraud or mistake is alleged and shown. If, therefore, there is in fact no consideration, but the deed recites a pecuniary consideration, even merely nominal, as paid by the grantee, this statement raises a conclusive presumption of an intention that the grantee is to take the beneficial estate, and destroys the possibility of a trust resulting to the grantor, and no extrinsic evidence would be admitted to contradict the recital, and to show that there is in fact no consideration, except in a case of fraud or mistake." 2 Pom. Eq. Juris. [2 Ed.], sec. 1036.

Of the equitable principle that the beneficial estate follows the consideration and attaches to the party from

whom the consideration comes, he says: "In order that this effect may be produced, however, it is absolutely indispensable that the payment should be actually made by the beneficiary [B] or that an absolute obligation to pay should be incurred by him, *as a part of the original transaction of purchase*, at or before the time of the conveyance; no subsequent and *entirely independent* conduct, intervention or payment on his part would raise any resulting trust." *Ib.*, sec. 1037. See, also, 1 Perry on Trusts [4 Ed.], sec. 76; Bispham's principles of Equity [4 Ed.], secs. 81 and 82, and cases cited in respondent's brief.

Counsel for appellant concedes that this evidence was not admissible for the purpose of proving an express trust; and, applying the foregoing principles, we can not see how it could have been admissible for the purpose of proving a resulting trust. Yet, they seem to contend that it ought to have been admitted as tending to prove that the defendant accepted these deeds, without consideration, upon an express parol understanding that he would hold the title in trust for the grantor, and afterward convey the same to him, and that, having refused to do so, it would be a fraud upon the grantor to permit him to retain the title; and that out of this fraud, a court of equity ought to construct a trust *ex maleficio*, beyond the operation of the statute of frauds.

The logic of this contention is, that although a parol agreement creating a trust of lands is void by the statute of frauds, yet, if the trustee refuses to perform the agreement, the refusal is such a fraud as to take the agreement out of the statute of frauds. We confess our inability to appreciate the force of such reasoning; and, although the master of the rolls, in *Davies v. Otty, supra*, seems to have been satisfied with it, it

does not seem to have impressed the general judicial mind as sound.

On the contrary, the true and generally accepted doctrine is thus stated in a recent work on equity: "Equity does not pretend to enforce verbal agreements in the face of the statute of frauds, and the person holding the legal title to real estate will not be decreed to be a constructive trustee, unless there is something more in the transaction than the mere violation of a parol agreement. Accordingly, the mere refusal of a trustee to execute an express trust, or the denial of the existence of the trust by him, does not make a case for raising a constructive trust. And where a conveyance in trust is made voluntarily, without solicitation or undue influence, and no fraud is shown prior to, or contemporaneous with, the execution of the deed, but consists in denying and repudiating the agreement to reconvey, it will not remove the case from the operation of the statute of frauds." 1 Beach on Modern Equity Jurisprudence, sec. 234.

The judgment of the circuit court is affirmed. All concur.