Rogers v. Ramey.

ROGERS, *Plaintiff in Error*, v. RAMEY.

Division Two, February 16, 1897.

1. **Warranty Deed**: IMPLIED TRUST: PAROL AGREEMENT: CASE STATED. Petition stated that defendant and plaintiffs' ancestor were partners in land; that the title was first taken in such ancestor and then by him, at defendant's request, conveyed by warranty deed to defendant. *Held*, that fraud or mistake must be alleged, or no implied trust existed that such ancestor was a joint owner of such land with defendant.

2. ———: ———: ———: PAROL EVIDENCE. In the absence of mistake or fraud, the estate conveyed by a warranty deed when not intended as a mortgage can not be controlled, limited, or enlarged, by a mere verbal agreement between the parties thereto. Nor is parol evidence permissible for that purpose.

3. **Resulting Trusts**: DOCUMENTARY EVIDENCE: STATUTE OF FRAUDS. All declarations or creations of trust or confidence in lands shall be manifested and proved by some writing, or be void, and the rule that permits parol evidence to show that an absolute conveyance is a mortgage is not in point.

4. **Partnership in Lands.** The court holds that the facts in this case do not establish a partnership in lands.

*Error to Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*Sterling P. Reynolds* for plaintiff in error.

(1) The point upon which the court sustained the demurrer to the petition was that plaintiffs could not dispute the recitals in the deed of their ancestor. If that rule of law is correct, still the demurrer should have been overruled because this is a suit in equity for an accounting of partnership property, in which all property, real or personal, between the parties to the partnership and third parties, is treated as personalty. *Thompson v. Holden*, 117 Mo. 118; *Young v. Thrasher*, 115 Mo. 222. And it can make no difference in whose name the same is held, whether in the name of one or all. If the property is in the name of one partner he is a trustee, and holds the legal title in trust for the benefit of the partnership. Story on Partnership, sec. 92. (2) Interest of one partner in partnership property may always be shown by parol. *Holmes v. McCray*, 51 Ind. 358; *Chester v. Dickerson*, 54 N. Y. 1; *Richards v. Grinnell*, 63 Iowa, 44; Leading Cases American Law of Real Property, vol. 4, 532; *Bender v. Zimmerman*, 122 Mo. 200, and cases cited. (3) There is a number of cases in this state where a deed absolute on its face has been held to be a mortgage; why can not such a deed be shown to be in fact a trust with the grantee as trustee? (4) The consideration clause in a deed is always open to explanation or contradiction and the true consideration may be shown. This court in the case of *Fontaine v. Boatmen's Savings Institution*, 57 Mo. 561, uses this language: "The consideration clause in a deed has only the force and character of a receipt, and is always open to explanation and contradiction." Same ruling in *Liebke v. Knapp*, 79 Mo. 26, and in *Baird v. Baird et al.*, 40 N. W. Rep. (N. Y.) 222, and cases cited. (5) It does seem that a court of equity ought not to permit one partner, after the death of the

other, to take advantage of technicalities and thereby prevent an accounting of the affairs of the partnership, and thus enable the one in whose hands the most of the property is, to appropriate it to his own use in such manner as this record discloses. Every partner is the agent of his copartner, and the same rules and tests are applied to the conduct of partners toward each other as are applied to trustees and agents. Neither will be permitted to gain out of the partnership at the expense of the other. *Pomeroy v. Benton,* 57 Mo. 531.

*Brown & Pratt* and *James W. Boyd* for defendant in error.

(1) Before plaintiffs can have any right of action against the defendant on account of real estate conveyed to him by James A. Matney, deceased, by deed containing covenants of warranty, the plaintiffs must allege such facts as would, if true, either invalidate or annul the deed or create a trust in said lands in their favor. Our statute provides that "all declarations or creations of trust or confidence or of any lands, tenements, or hereditaments shall be manifested and proved by some writing signed by the party  *  *  *  or else shall be void." Sec. 5184. Unless plaintiffs are permitted to show by oral testimony that the grantee in the deed is simply a trustee, the petition fails to state a cause of action. Their position is in direct conflict with the statute. Under the allegations in the petition this deed to defendant can not be invalidated, nor can a trust be engrafted thereon by oral testimony. R. S., sec. 5184; *Woodford et al. v. Stephens et al.,* 51 Mo. 443; *Price v. Kane,* 112 Mo. 412; *Weiss et al. v. Heitkamp et al.,* 127 Mo. 20–23. Verbal declarations of trust of lands, no matter how positive or emphatic they may be, can not be enforced. They are absolutely void.

(2)   A grantee who has conveyed land with covenant of warranty is estopped from asserting that he had an interest in the purchase money or consideration therefor from which a trust might arise. 2 Devlin on Deeds, sec. 1184, last paragraph; *Squire v. Harder,* 1 Paige, 494; 19 Am. Dec. 446. In the last case referred to, complainants gave an absolute conveyance of the inheritance with warranty. They were held to be estopped from claiming any legal or equitable interest in the land by resulting trust. (3)   When a deed contains covenants of warranty, no use can arise to the grantor. Such covenants estop him from claiming any legal or beneficial interest in the estate. 1 Perry on Trusts [3 Ed.], sec. 162, last paragraph; *Philbrook v. Delano,* 29 Me. 410; 127 Mo. 30, *supra.* (4)   No trust results to a grantor even though he conveys his estate without consideration. *Burt v. Wilson,* 28 Cal. 632; *Weiss* case, 127 Mo. 23, *supra; Jackson v. Railroad,* 54 Mo. App. 636, 643. The deed in such instances raises a conclusive presumption of an intention that the grantee is to take the beneficial estate, and destroy the possibility of a trust resulting to the grantor, and no extrinsic evidence would be admissible to contradict this presumption, except in case of fraud or mistake. 127 Mo. 30. Plaintiffs in their brief contend that the doctrine by which a deed absolute on its face has been held to be a mortgage, should apply to this deed; but this court in the *Weiss* case decides that the mortgage cases are not in point, and that the doctrine therein contended for has no application to the creation of trusts by verbal agreements. 127 Mo. 29, and *Philbrook* case, *supra.* There is not a single indication of "partnership property" springing out of the fact alleged in the petition. The allegations in the petition show simply a joint ownership of said lands. In the 117 Mo. 128, it is held by this court that unless a contract under which

a party claims a partnership interest in lands in controversy fairly excludes every construction under which the property can retain its usual characteristics of real estate, it should be held not to have created a partnership in the land. But even if it should be determined that the allegations in the petition are sufficient to create a partnership agreement and partnership ownership of said real estate, then the deed containing covenants of warranty conveying real estate from one partner to another, can not be attacked by oral testimony. *Burt v. Wilson*, 28 Cal. 632.

BURGESS, J.—This is a proceeding in equity by plaintiff Martha B. Matney as administratrix, and her coplaintiffs as the legal heirs of James A. Matney, deceased, to have the legal title to one undivided half of certain lots of ground described in the petition alleged to be in defendant declared to be in plaintiffs, and for an accounting between the parties with respect to the proceeds arising from the sale of other lots also described in the petition, and expenses necessarily attending the same, etc. The petition, leaving off the formal parts, is as follows:

"Plaintiffs further state that a short time prior to the twentieth day of October, 1887, the said James A. Matney, deceased, and defendant herein, purchased the following described real estate, situate in Buchanan county, Missouri, to wit: All of lots eight (8) and nine (9), twelve (12), thirteen (13), fourteen (14), fifteen (15), and sixteen (16) in block one (1), and lots fifteen (15), and sixteen (16) in block two (2), in Fair Ground addition to the city of St. Joseph, in Buchanan county, Missouri; lots four (4), five (5), and (6) in block twenty-seven (27), in St. Joseph Extension addition, an addition to the city of St. Joseph, in Buchanan county, Missouri; also one piece of ground

described as follows:    Beginning at a rock eleven hundred and ninety-five feet and three inches north, and fifteen feet east of the southwest corner of the southeast quarter of the southeast quarter of section five (5), township fifty-seven (57), of range thirty-five (35), thence north to the southwest corner of block four (4) of North St. Joseph addition to the said city of St. Joseph, thence east along the south boundary of said block to the west line of the alley on west boundary of the Fair Ground addition to said city, thence south on the west line of said alley to a point on a line with the south line of lot twelve (12) in block two (2) in said Fair Ground addition, thence west to Tenth street to the place of beginning.

"Plaintiffs further state that said real estate was purchased by said James A. Matney, deceased, and defendant herein, with the joint means of the said Matney, and defendant, and the legal title to said real estate was by agreement conveyed to said Matney, to be by said Matney held in trust for the joint benefit of said Matney and defendant, the proceeds of the sale of said real estate, or any part thereof, to be shared equally between said Matney and defendant, after first paying the expenses that might legally come against said real estate.

"Plaintiffs further state that the legal title to said real estate was held by said James A. Matney, deceased, from the time of its purchase aforesaid in trust for the benefit of said Matney and defendant until the third day of January, 1889, and during the time the same was held by said James A. Matney, he, the said Matney, sold and conveyed lots twelve (12), thirteen (13), fourteen (14), fifteen (15), and sixteen (16) in block one (1), and lots fifteen (15) and sixteen (16) in block two (2) in Fair Ground addition, an addition to the city of St. Joseph, for which the said Matney received the

proceeds of the sale of said real estate and applied and used the said money in connection with and for the use of said partnership in pursuance of the contract heretofore set out.

"Plaintiffs further state that about the third of January, 1889, and a short time prior thereto, defendant claimed to be dissatisfied with the arrangement aforesaid, whereby the said Matney was to hold the title to said real estate in trust as aforesaid, and claimed that the purposes of said trust would be more surely carried out if the legal title to said real estate were vested in him, instead of said Matney, and insisted that the said Matney and wife should convey to him, the said Ramey, the legal title to said real estate, to be held by him in trust, just as it had been by said Matney, and said Matney and wife, because of the importunity of defendant, and in order to pacify him and prevent acrimonious words and disagreeable behaviour on his part, did on or about January 3, 1889, sign, seal, and acknowledge a deed in form of a deed of general warranty for the property then remaining unsold to defendant and delivered the same to defendant.

"Plaintiffs further state that by said deed, dated January 3, 1889, said Matney and wife conveyed to defendant the following property, to wit: Lots eight (8) and nine (9) in block one (1), Fair Ground addition to the city of St. Joseph; lots four (4), five (5) and six (6) in block twenty-seven (27) in St. Joseph Extension addition to the city of St. Joseph; also one piece of ground described as follows, to wit: Beginning at a rock one thousand, one hundred and ninety-five feet and three inches north, and fifteen feet east of the southwest corner of the southeast quarter of the southeast quarter of section five (5) in township fifty-seven (57) of range thirty-five (35), thence north to. the southwest corner of block four (4) of St. Joseph addi-

tion to the city of St. Joseph, thence east along the south boundary of said block to the west line of the alley on the west boundary of the Fair Ground addition to said city, thence south along the west line of said alley to a point on a line with the south line of lot twelve (12) in block two (2) in said addition, thence west to Tenth street to the place of beginning. That said deed was made by said Matney and wife for the purposes of the trust aforesaid.

"Plaintiffs further state that the defendant has, since the making of said deed and conveying of the title to him as aforesaid, sold and conveyed by good and sufficient deeds to others, who were, and are, innocent purchasers, for value, all of said real estate conveyed in said deed, except lots four (4), five (5) and six (6) in block twenty-seven (27) in St. Joseph Extension addition, an addition to the city of St. Joseph, in Buchanan county, Missouri, for the sum of five thousand, seven hundred dollars, and has not accounted for the same, but on the contrary has failed and refused to account for the same, or any part thereof.

"Plaintiffs further state that the legal title, as shown by the records, to said lots four (4), five (5), and six (6) in block twenty-seven (27) in St. Joseph Extension addition, is still in defendant.

"Plaintiffs further state that they are entitled to one undivided half of the said lots four (4), five (5) and six (6) in block twenty-seven (27) in St. Joseph Extension addition to the city of St. Joseph, in Buchanan county, Missouri, and one half of the proceeds of the sale of said real estate made by said Matney, deceased, and defendant, after all legal credits and expenditures on said real estate made by either or both of the parties in interest have been allowed by the court.

"Plaintiffs therefore pray that the legal title to one undivided half of the said lots now in the hands of defendant be declared to be in plaintiffs, and that an accounting between the parties may be had, allowing all the legal and just credits and expenditures to the parties entitled thereto, and charging each of the parties with all money received by each as the proceeds of the sale of the real estate sold by either of said parties, and that the part of said real estate not disposed of by either of the parties be divided, and defendant's part may be set off to him, and the one half be set off to plaintiffs and that plaintiffs be allowed a reasonable attorney's fee to be taxed as costs, pursuant to an agreement made between plaintiffs and their attorneys, and for all other and proper relief."

To the petition defendant interposed a demurrer, assigning as grounds therefor the following:

"*First.* Because said petition does not state facts sufficient to constitute a cause of action.

"*Second.* Because there is a misjoinder of causes of action, in that several causes of action have been improperly united.

"*Third.* Because there is a misjoinder of parties plaintiff in that Martha B. Matney, as administratrix of the estate of James A. Matney, deceased, is joined with James M. Rogers, Martha S. Matney, James A. Matney, Jr., William I. Matney, Henry J. Matney, Eliza Gaston, and Mary M. Clark, as heirs of James A. Matney, deceased."

The demurrer was sustained, and plaintiffs declining to plead further final judgment was rendered for defendant. Plaintiffs thereafter sued out their writ of error from this court, and bring the case here for review.

As the petition shows that the deed from James A. Matney to defendant was a general warranty and

executed voluntarily upon the part of Matney, but does not allege any fraud upon the part of defendant, in procuring the same prior to, or contemporaneous with its execution, it is claimed by defendant that the facts alleged do not state a cause of action.

In order to entitle plaintiffs to the desired relief, it must appear from the averments in the petition that the deed was procured by defendant under such a state of facts as would render it invalid, or such facts as would create a trust therein, express or implied, in favor of the plaintiffs as the heirs of James A. Matney, deceased. If the deed was obtained by fraud, or mistake, or the consideration money had been paid by another for the use and benefit of Matney, then a trust for his benefit would arise by implication of law, but the petition contains no such allegations. Nor does it allege that there was any declaration or creation of a trust in writing, as required by section 5184, Revised Statutes 1889, in order to create a trust under it. That section is as follows: "All declarations or creations of trust or confidence of any lands, tenements or hereditaments shall be manifested and proved by some writing signed by the party  *  *  *· or else shall be void." It would therefore seem from the facts stated in the petition, that there was no implied trust, or trust under the statute created, even though there existed a copartnership between James A. Matney and defendant in regard to the purchase and sale of the lots.

In 1 Beach on Modern Equity Jurisprudence, section 234, it is said: "Equity does not pretend to enforce verbal agreements in the face of the statute of frauds, and the person holding the legal title to real estate will not be decreed to be a constructive trustee, unless there is something more in the transaction than the mere violation of a parol agreement. Accordingly, the mere refusal of a trustee to execute an express trust, or

the denial of the existence of the trust by him, does not make a case for raising a constructive trust. And where a conveyance is made voluntarily, without solicitation or undue influence, and no fraud is shown prior to, or contemporaneous with, the execution of the deed, but consists in denying and repudiating the agreement to reconvey, it will not remove the case from the operation of the statute of frauds."

The same doctrine is maintained by Mr. Pomeroy in his work on Equity Jurisprudence [2 Ed.], section 1036, wherein he says: "If the instrument is a deed, no extrinsic evidence of the donor's intention is admissible, unless fraud or mistake is alleged and shown. If, therefore, there is in fact no consideration, but the deed recites a pecuniary consideration, even merely nominal, as paid by the grantee, this statement raises a conclusive presumption of an intention that the grantee is to take the beneficial estate, and destroys the possibility of a trust resulting to the grantor, and no extrinsic evidence would be admitted to contradict the recital, and to show that there is in fact no consideration, except in a case of fraud or mistake." *Weiss v. Heitkamp*, 127 Mo. 23.

Had the deed been made by some third party to defendant, an entirely different question would be presented. As in that case, parol evidence would be permissible for the purpose of showing the partnership existing between the parties, their respective interests, and that defendant took and held the title to the lots in trust for the copartners, but as between the parties the grantor is estopped by the recitals in the deed.

Where a grantor has conveyed land with a covenant of warranty he is estopped from alleging that he had an interest in the purchase money which created a resulting trust in his favor. *Squire v. Harder*, 1 Paige, Chancery, 494; 3 Devlin on Deeds, sec. 1184. Such

covenants estop the grantor from claiming any legal or beneficial interest in the land conveyed. *Philbrook v. Delano*, 29 Me. 410; 1 Perry on Trusts[3 Ed.], sec. 162.

But it is insisted that the case in hand does not come within the rule hereinbefore announced, because the lots were partnership property, and that being the case, defendant holds the title to the lots in question in trust for the partnership.

A sufficient answer to this contention would seem to be, that under the facts stated in the petition, Matney and defendant were not partners, but were in fact joint tenants; but even if they were partners, that fact alone does not change the legal effect of such deeds, with respect to which the presumption of law is that the estate is held by the grantee for his own use, which presumption parol evidence is not admissible to rebut. *Burt v. Wilson*, 28 Cal. 632.

We have been cited by plaintiffs to a number of mortgage cases in which it is held that parol evidence is admissible for the purpose of showing that an absolute conveyance is a mortgage, but those cases are not in point, nor are those cases in which it is held that "the consideration clause in a deed has only the force and character of a receipt, and is always open to explanation and contradiction." *Fontaine v. Boatmen's Savings Institution*, 57 Mo. 561.

In the absence of mistake or fraud, the estate conveyed by a warranty deed when not intended as a mortgage can not be controlled, limited, or enlarged, by a mere verbal agreement between the parties thereto. Nor is such evidence permissible for that purpose. It follows that the demurrer was properly sustained.

The conclusion reached renders it unnecessary to pass upon other grounds of objection to the petition raised by the demurrer.

The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.