HILLMAN *et al.*, *Appellants*, v. ALLEN *et al.*

### Division Two, October 17, 1898.

1. **Practice**: PLEADING : STATUTE OF FRAUDS. The statute of frauds is available without special pleading.

2. **Resulting Trusts**: PAROL TESTIMONY. Resulting trusts may be established by parol testimony. But such evidence must be clear, cogent and fully satisfying to the chancellor.

3. ———— : ———— : EXPRESS TRUST. But not so with an express trust. Parol testimony is not admissible to prove that an absolute conveyance was made upon an express trust not declared in the writing itself.

4. **Express Trust**: CHARACTERISTICS. If the petition alleges that a warranty deed to certain land was made to defendant by plaintiffs' ancestor upon an *express* agreement to pay off a named incumbrance and to reconvey the same to such grantor whenever he should reimburse the defendant, then the petition declares an express trust, and parol evidence is not admissible to establish it. R. S. 1889, sec. 5184.

*Appeal from Harrison Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

*D. J. Heaston* and *Sallee & Goodman* for appellants.

(1) The statute of frauds could not be relied on as a defense, for the reason that it was not specially pleaded. It is true that this court has recently held that the statute of frauds need not be specially pleaded where the answer is a general denial, but that is not the case here. The answer denies every allegation, "except what is specially admitted or explained," which this court has held does not constitute a general denial. *Long v. Long*, 79 Mo. 644. (2) Under the form of

denial interposed here it was necessary to plead the statute of frauds in order for the defendant to avail himself of its provisions. *Graff v. Foster*, 67 Mo. 512; *Gordon v. Madden*, 82 Mo. 193; *Rabsuhl v. Lock*, 35 Mo. 316; *Gardner v. Armstrong*, 31 Mo. 535; *Condit v. Maxwell*, 142 Mo. 266; *Bliss v. Jenkins*, 129 Mo. 647; *Maybee v. Moore*, 90 Mo. 340. (3) The evidence sought to be introduced was competent, even if the statute of frauds had been specially pleaded as a defense. *Condit v. Maxwell*, 142 Mo. 266; *Lowen v. Forsee*, 137 Mo. 29; *Hall v. Hall*, 107 Mo. 101; *Sprague v. Rooney*, 104 Mo. 349; *Brown v. Sutton*, 129 U. S. 238.

*J. C. Wilson* and *McCullough, Peery & Lyons* for respondents.

(1) The statute of frauds is available as a defense without being specially pleaded in any case where the pleading denies the contract sought to be set up. The answer in this case does deny the contract or agreement alleged in the petition. *Devore v. Devore*, 138 Mo. 181; *Hackett v. Watts*, 138 Mo. 502. The statute of frauds may be raised by calling attention directly to it, as was done in this case, by objection to evidence. *Allen v. Richard*, 83 Mo. 55; *Lammers v. McGeehan*, 43 Mo. App. 664; *Hobart v. Murray*, 54 Mo. App. 249; *Springer v. Kleinsorge*, 83 Mo. 152. It has been recently held by this court, in a case where the denial was almost identical with that of the answer in the case at bar, that the statute of frauds was sufficiently raised by it. *Hurt v. Ford*, 142 Mo. 283. (2) The trust alleged in the petition and attempted to be proved by the parol evidence offered, was an express trust, and it can not be created, manifested or proved, except by some writing signed by the person sought to be charged therewith. R. S. 1889, sec. 5184; *Woodford v. Stephens,*

51 Mo. 443; *Hammond's Adm'rx v. Cadwallader*, 29 Mo. 166; 1 Perry on Trusts, secs. 76, 79, 134, 162; *Henderson v. Henderson's Ex'rs*, 13 Mo. 151; *Bobb v. Bobb*, 89 Mo. 412; *Price v. Kane*, 112 Mo. 419; *Weiss v. Heitkamp*, 127 Mo. 23; *Rogers v. Ramey*, 137 Mo. 598; *Lehey v. Witt*, 123 Mo. 207. The deceased, having made a warranty deed to the defendant for the real estate in controversy, he could not, if living—and his heirs can not, representing him—be permitted to deny the covenants contained in the deed, by proof of a parol agreement. *Woolford v. Farnham*, 44 Minn. 159; *Gee v. Thrailkill*, 45 Kan. 173; *Biggins v. Biggins*, 133 Ill. 211; *Champlin v. Champlin*, 136 Ill. 309; *Feeney v. Howard*, 79 Cal. 525; *Finlayson v. Finlayson*, 17 Ore. 347; *Barr v. O'Donnell*, 76 Cal. 469; *Hain v. Robinson*, 72 Iowa, 735. (3) The petition in this case alleges that the transaction between the defendant and his father created a trust, and prays to have the defendant declared a trustee. *Gee v. Thrailkill*, 45 Kan. 173; *Woolford v. Farnham*, 44 Minn. 159; *Biggins v. Biggins*, 133 Ill. 211; *Champlin v. Champlin*, 136 Ill. 309.

GANTT, P. J.—This is an appeal from a judgment in favor of defendants. Upon a ruling of the circuit court rejecting certain evidence tendered by the plaintiffs the plaintiffs took a nonsuit with leave to move to set the same aside. In due time they moved the court to set aside the nonsuit, and the court declining to do so they appealed to this court.

The plaintiffs are heirs at law of Stephen C. Allen and the defendant, Isaac N. Allen, is a son of Stephen Allen, and the other defendants are minors and heirs at law of Stephen Allen deceased.

The petition alleges, "That prior to the 5th day of March, 1887, said Stephen C. Allen was the owner in fee simple and in possession of the following

described real estate, to wit: the west half of lot seven in block three, and sixty feet off the east end of lot seven in block seven, all in first official survey of the city of Bethany in Harrison county, State of Missouri. That on said 5th day of March, 1887, said Stephen C. Allen and the defendant Isaac N. Allen, made an agreement by which said S. C. Allen was to convey said lots to Isaac N. Allen, and said Isaac N. Allen was to pay off an incumbrance of about four hundred dollars that was against said lots, and when said Stephen C. Allen paid him back the amout he paid out on said indebtedness, said Isaac N. Allen was to convey said lots back to said Stephen C. Allen. Thereupon and in pursuance of said agreement, and not otherwise, said Stephen C. Allen conveyed said lots to said Isaac N. Allen by a warranty deed for the expressed consideration of $850, but in fact no other or further consideration was paid or passed between said parties, but it was the understanding and agreement that said deed and conveyance was to be and operate only as a mortgage to secure said Isaac N. Allen for the amout he should pay out to release said land from liens and incumbrances then against it. That on the 11th day of April, 1889, and for a long time prior thereto, said Stephen C. Allen was the owner in fee simple and in possession of lot one in block two in the first survey of the said city of Bethany, and at that date there was an incumbrance against it of about sixty-five dollars. That on said 11th day of April, 1889, said Isaac N. Allen by overpersuasion and misrepresentation, induced said Stephen C. Allen to convey to him said lot one, upon the express understanding and agreement that said Isaac N. Allen was to pay off and redeem said lot from said incumbrance and to hold said lot as security for the

amount so paid out until said Stephen C. Allen should pay the amount so advanced back to the said Isaac. Plaintiffs further state that on the 23rd day of December, 1889, said Isaac N. Allen sold and conveyed the west half of lot seven in block three to F. T. Harvey for the sum of eleven hundred dollars, and thereby said Isaac N. Allen received and realized an amount of money several hundred dollars in excess of all that he ever paid out or advanced on all of said lots and for all he paid out and advanced or incurred of said S. C. Allen, and plaintiffs therefore aver that said Isaac N. Allen, under his said agreements and contracts with Stephen C. Allen, has no other or further claims against said lot one, block two, and said part of lot seven block seven."

The prayer of the petition is: "That said Isaac N. Allen be declared a trustee holding said lots for the benefit of the heirs aforesaid of said Stephen C. Allen deceased, and that he be required to make an accounting of the amount of money paid out by him on account of Stephen C. Allen deceased, that would be justly charged against said real estate, and all sums of money realized by him from the sale of any part of said lots and from rents and profits thereof, and that said lots . . . . . . . be ordered to be sold and the proceeds resulting therefrom be ordered to be divided among the heirs of said Stephen C. Allen deceased, according to their respective rights as hereinbefore stated."

The answer of the defendant denied the contract or agreement set up in plaintiffs' petition, and pleaded affirmatively that he took the property from his father by purchase and that he paid him full and fair value for the same, and alleged with particularity the amounts so paid him.

The contention of appellant upon this appeal is that the court committed reversible error in excluding

*parol evidence* of the alleged agreement made between the defendant Isaac N. Allen and his father Stephen C. Allen. It is admitted by counsel for plaintiff in his statement and brief, substantially, that *this is a suit to declare and enforce a trust*, which it is claimed was established and created by a *parol agreement*, between the defendant Isaac N. Allen and his father. As above indicated, the sole error relied upon by appellants upon this appeal is the exclusion of the evidence of the *parol* agreement between Isaac N. Allen and his father.

I. It may as well be noted that plaintiffs dismissed their action as to lot 1 in block 2. The answer denies the agreement set up in the petition, and the statute of frauds is available without special pleading. *Boyd v. Paul*, 125 Mo. 9; *Devore v. Devore*, 138 Mo. 181; *Hackett v. Watts*, 138 Mo. 502; *Wildbahn v. Robidoux*, 11 Mo. 659; *Springer v. Kleinsorge*, 83 Mo. 152; *Hurt v. Ford*, 142 Mo. 283.

II. "All declarations or creations of trust or confidence of any lands, tenements or hereditaments shall be manifested and proved by some writing signed by the party who is or shall be, by law, enabled to declare such trusts or by his last will, in writing, or else they shall be void and all grants and assignments of any trust or confidence shall be in writing, signed by the party granting or assigning the same or by his or her last will, in writing or else they shall be void." R. S. 1889, sec. 5184. By the next section 5185 it is provided that resulting trusts or such as arise by implication of law are not affected by the foregoing statute. That a resulting trust may be established by parol evidence no longer admits of doubt in this State. *Kennedy v. Kennedy*, 57 Mo. 73; *Johnson v. Quarles*, 46 Mo. 423; *Ringo v. Richardson*, 53 Mo. 385; *Philpot*

*v. Penn*, 91 Mo. 38.    But such evidence must be clear, cogent and fully satisfying the chancellor.

The essential inquiry that arises upon this record is whether the trust sought to be proved and enforced is an express trust or an implied resulting trust.    If express, there can be no resulting trust, and parol evidence is not admissible to prove that an absolute conveyance was made upon an express trust not declared in the writing itself.    *Green v. Cates*, 73 Mo. 115; *Kingsbury v. Burnside*, 58 Ill. 310; *Stevenson v. Crapnell*, 114 Ill. 19.

The character of the alleged trust in this case must be ascertained from the petition, and the evidence offered in support thereof.    The averment is susceptible of but one construction, to wit, the deed was made upon an *express* agreement upon the part of Isaac N. Allen to pay off the incumbrance of $400 and upon this sum being refunded to him to reconvey lot number 7.

The question propounded was, as follows:

"*Q.*    Mr. Johnson I'll ask you to tell the court *if you know of an agreement between Isaac N. Allen and his father, Stephen C. Allen, at the time this deed was made from Stephen C. Allen to Isaac N. Allen on the 5th of March, 1887, by the terms of which Isaac Allen was to reconvey the property to Mr. Allen, upon his repaying to Isaac the money that Isaac was to advance to pay off those certain mortgages and a judgment lien against these lots?*    Don't answer until they object."

"Defense:    I'll ask you if you know whether that agreement was in writing or simply verbal?"

"Admitted that it was only verbal."

"*A.    No, sir, I don't know of any written agreement.*"    Objection sustained.

It is nowhere averred that the father was indebted to the son or that the deed was made to the son to

secure an indebtedness from the father to the son. By dismissing the count as to lot 1 plaintiffs withdrew all charges of fraud and misrepresentation, so that we have the plain allegation that the father conveyed said real estate by deed absolute to his son without qualification or limitation of any kind in the deed and contemporaneously imposed upon the son the express parol trust to sell the lot as trustee for his father, pay off the liens, and refund the balance.

If these averments and this testimony do not charge an attempt to establish an *express trust* of lands, then it would be difficult indeed to define an express trust within the meaning of the statute. As the parol evidence offered was in plain contravention of the statute, the court properly excluded it. *Price v. Kane*, 112 Mo. 412; *Bobb v. Bobb*, 89 Mo. 411; *Weiss v. Heitkamp*, 127 Mo. 23; 1 Beach Mod. Eq., sec. 234; *Rogers v. Ramey*, 137 Mo. 598.

A like conclusion has been reached in other jurisdictions. See, specially, *Gee v. Thrailkill*, 45 Kans. 173; *Wolford v. Farnham*, 44 Minn. 159; *Biggins v. Biggins*, 133 Ill. 211; *Champlin v. Champlin*, 136 Ill. 309.

The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.