ANNA L. JONES, APPELLANT, v. W. E. SMITH, ADMR., ET AL., RESPONDENTS.*

Kansas City Court of Appeals. April 5, 1926.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 726, n. 17; Trusts, 39Cyc, p. 153, n. 10; p. 161, n. 64; p. 166, n. 89.

*Don C. Carter* for appellant.

*N. T. Gentry, McBaine & Clark* and *Paul M. Peterson* for respondent.

ARNOLD, J.—This is a suit in equity whereby plaintiff seeks a money judgment against the estate of her deceased husband and to have the same impressed as an equitable lien against sixty-one acres of land in Boone county, Mo., of which her husband died seized. The basis of the suit is that certain funds in the amount of $1652.60, inherited by plaintiff from the estate of her father, were used by her husband in his lifetime, without plaintiff's written assent, in paying for certain real estate now sought to be impressed with the equitable lien.

The facts shown by the record, briefly stated, are that plaintiff's husband, L. F. Jones, died intestate in Boone county, Mo., July 15, 1922, leaving a widow, Anna L. Jones, the plaintiff herein, and as his only heirs-at-law, a son Harry L. Jones and a daughter Artelia Jones, both adults and made parties defendant herein. L. F. Jones died seized of sixty-one acres of land in Boone county, Mo., near the town of Sturgeon which for some years prior to his death was his homestead and the residence of himself and wife, the plaintiff herein. In due time after his death, plaintiff was appointed administratrix of her husband's estate and qualified and took charge of same for the purposes of administration.

On the —— day of May, 1924, plaintiff filed a petition and application with the probate court of Boone county, Mo., for the appointment of an administrator *ad litem* to represent the estate in a suit she desired to file in the circuit court to establish a lien upon the sixty-one acres of land of which her husband died seized. Accordingly the probate court appointed W. E. Smith such administrator *ad litem*, and he is made defendant herein.

The facts of record show that plaintiff's father, Thomas H. Stone, died intestate in Boone county, December 28, 1911; that his estate consisted of personal and real property; that from the administration of his estate plaintiff received her share of the personal property in the form of a check for $398.19 which she endorsed and turned over to her husband who deposited it to his credit in the Bank of Sturgeon, Sturgeon, Mo. The real estate of plaintiff's father was partitioned in the circuit court of Boone county and sold, and on distribution thereof plaintiff received $1254.41 in the form of a check she also endorsed and turned over to her husband who deposited it to his own credit in the Bank of Sturgeon. The total amount plaintiff received from the estate of her father was $1652.60.

The purpose of the present suit is to establish as a fact that the money received from the estate of plaintiff's father went into the purchase of the sixty-one acres of land of which her husband died seized; that she be given judgment for this amount and that said judgment be declared an equitable lien against the estate.

The petition alleges formal facts as above stated; describes the land in question and states that L. F. Jones purchased the tract described in the petition, consisting of 61.12 acres; that at the time of the death of said L. F. Jones there was, and now is, a deed of trust on said real estate in the sum of $5520, executed by L. F. Jones and wife to J. H. Lightner, trustee, for the use and benefit of T. J. Jones, securing a promissory note in the amount last named.

The petition further states that on May 6, 1909, L. F. Jones borrowed of the Bank of Sturgeon, the sum of $2000 for which he executed his promissory note and as security therefor executed and delivered a deed of trust on the 61.12 acres of land in question; that on December 28, 1911, Thos. H. Stone, plaintiff's father, died and his estate was administered upon and the proceeds thereof distributed as above indicated; the plaintiff received her distributive share thereof which plaintiff's husband took charge of without her consent in writing, and which he used to pay off the $2000 note and deed of trust given the Bank of Sturgeon and in improving the said 61.12 acres of land; that said real estate, at the time, was in the name of said L. F. Jones; that plaintiff never has received any portion of said money from her husband or from his estate, and that in equity she is entitled to a lien, or resulting trust, upon and against the said

61.12 acres of land. The prayer seeks a money judgment and decree to the effect that plaintiff's husband held said money as trustee for the use and benefit of plaintiff, and that said land be impressed with an equitable lien in favor of plaintiff, subject to an existing deed of trust for $5520.

The answer of the administrator *ad litem* is, first, a general denial, and for further answer, states that if the lien sought in the petition is established, the estate of L. F. Jones will be rendered insolvent and there will not remain sufficient funds to pay the unsecured debts of the estate; that there is not sufficient personal property or other real estate to pay the present creditors of the estate, and that it will be necessary to sell the real estate mentioned in the petition to pay the unsecured debts of the estate.

The answer also pleads the Statute of Limitations (sec. 1317, R. S. 1919), and declares plaintiff should not be allowed to recover for the reason that her cause of action accrued more than five years before the filing of the suit. The answer further pleads the Statute of Limitations, as provided in sections 1308 and 1316, Revised Statutes 1919, in that plaintiff's cause of action accrued more than ten years prior to the filing of this suit; that the sums of money mentioned in the petition were advanced by plaintiff to her husband more than ten years before filing the petition herein, and that during all that time plaintiff has permitted her husband to use and control said money and to represent to all people that he was the owner and possessed of said money; and because of such facts he was able to secure credit from various and sundry persons on the strength of said representations; that various and sundry creditors advanced to said L. F. Jones credit on said representations and are now creditors of his estate; and that by reason of the fact that plaintiff permitted her husband to hold himself out as the owner of said real estate through all these years, she should not be permitted to recover.

The other defendants, Harry L. Jones and Artelia Jones, entered appearance and filed separate answers admitting the allegations in plaintiff's petition and consenting to a judgment and decree as prayed therein. The reply was a general denial of the new matter and allegations contained in the answer of the administrator *ad litem*.

Upon the pleadings thus made the case went to trial before the chancellor. At the conclusion of plaintiff's case, a motion in the nature of a demurrer to dismiss plaintiff's bill was filed by defendant, on the ground that under the evidence plaintiff is not entitled to the relief prayed. After hearing arguments thereon, the chancellor took the case under advisement and later sustained the motion to dismiss plaintiff's bill and entered judgment and decree in favor of defendant. A motion for a new trial was overruled and plaintiff appeals.

There are two assignments of error, to-wit, (1) the judgment and decree are against the weight of the evidence; (2) the judgment and decree are for the wrong party under the law and the evidence and should have been for plaintiff. These assignments are so closely allied in attacking the decree that they may be considered together and our decision on one will determine the other. As is required of us in cases of this character we have read the entire record and shall consider the case *de novo*. As we read the evidence, the following facts appear:

On May 6, 1908, plaintiff's husband, L. F. Jones, was the owner of an eighty-acre tract of timber land, known as the creek farm, located south of the town of Sturgeon in Boone county, Mo. On that date, Jones purchased from one Frank Kent for $3361.60 the 61.12 acre tract of land involved in this action. He paid for this tract by borrowing $1500 upon the security of the creek farm from one Rose Webster and $2000 from one C. E. Keithley, giving a deed of trust on the 61.12 acres to secure the latter. The $2000 note was written payable to the Bank of Sturgeon but, in fact, was taken by Mr. Keithley. From the money thus borrowed the entire purchase price of the Kent land was paid.

On May 1, 1911, said L. F. Jones borrowed the sum of $1450 from one W. C. Rice, giving a deed of trust on the creek farm. With this money he paid the Rose Webster loan of $1500, and on February 17, 1913, Jones paid the Rice loan on the creek farm. This amount, as shown by the evidence, was paid by overdrawing at the Bank of Sturgeon in the amount of something over $2080. At the time, the amount of the Rice loan was $2071.29. A draft was sent to Rice to take up this loan.

On February 19, 1913, Jones deposited in the Bank of Sturgeon a check for $398.19, payable to his wife, the plaintiff herein, and representing her distributive share of her father's personal estate. This check was endorsed by plaintiff. This sum, together with the proceeds of a note to the bank for $1750 was applied to take up the overdraft at the bank, above mentioned, and some small outstanding checks. On March 15, 1913, Jones deposited in the bank a check written to his wife and endorsed by her, in the sum of $1254.41, representing her distributive share of the proceeds of the sale of her father's real estate, and this amount was applied on the $1750 note executed as above stated, on February 18, 1913.

The testimony shows that during the period of these various transactions with the bank, Jones was engaged actively in large numbers of financial transactions. It is also shown that on May 17, 1913, the creek farm was sold and the money derived therefrom was used to pay the note of $2000 of date March 6, 1909, given to the Bank of Sturgeon, acquired by Keithley and afterwards sold to William Dinwiddie.

Upon this state of facts, the chancellor found that the money was not a part of the purchase price of the land in question, and we think his holding was proper.

It is plaintiff's contention that the facts above outlined conclusively show that the plaintiff's money went into the purchase of 61.12 acres in question. We must hold, with defendant, that if any land had been impressed with a trust in favor of the wife, it was the creek farm; but the evidence shows that farm had been acquired before the wife's money was turned over to Jones. The rule is that in order to impress land with a trust, it must be affirmatively shown that the money involved went into the particular land against which the trust is sought to be impressed. In this case, it would be necessary to show that her money went to the purchase of the creek farm. As we understand plaintiff's position, it is not that her money went to pay a debt against the land sought to be impressed with a trust, but, rather that the money went to pay a debt against the creek farm. and later, when that farm was sold, part of the purchase price thereof was used to pay the indebtedness against the farm in question, and plaintiff now seeks to impress the second farm with the trust.

It is the rule in this State that a resulting trust in real estate must be shown by clear and convincing evidence. [Thompson v. Johnston, 260 S. W. 100; Johnston v. Johnston, 173 Mo. 91; Hillman v. Allen, 145 Mo. 638; Deer v. Deer's Estate, 180 S. W. 572, 575.] We think the evidence fails to show that the wife's money, wrongfully converted by the husband, went into the particular tract of land sought herein to be impressed with the trust. Rather, it tends to show that her money was used by the husband to discharge his outstanding obligations and in aid of his numerous financial transactions, which enabled him later to apply available funds to the payment of the deed of trust on the land involved in this suit. This appears to us a clear case of the wife's money being converted by the husband to his own use.

We do not wish to be understood as holding that a husband could borrow money with which to purchase real estate, take title in his own name, and later use his wife's money to pay off his own personal note. Such state of facts was held in Deer v. Deer's Estate, supra, to be substantial evidence showing that the wife's money went into the purchase of the land. But that is not this case, as there is no direct showing here that plaintiff's money went to the purchase of the land sought to be impressed with the trust. There are other intervening transactions herein which take the case out of the rule laid down in the Deer case, supra. We think the ruling of the chancellor in dismissing plaintiff's bill was proper.

In support of the chancellor's ruling, defendant argues the Statute of Limitations and estoppel, but as we hold that plaintiff has

516

failed to present substantial evidence in support of the allegations of her petition, other matters presented by defendant need not be discussed.

The judgment is affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.

