McNew v. Booth.

ALLEN McNEW, Appellant, v. ELIZABETH BOOTH, Respondent.

1. *Equity — Purchaser — Fraud — Relief.*—It is a well-settled principle of equity law that where one becomes a purchaser, under such circumstances as would make it a fraud to permit him to hold on to his bargain, as by representing that he is buying for the benefit of the embarrassed debtor in the execution, or that he intended to reconvey the property, and thereby obtains it at a sacrifice, the court will relieve against such fraud; and the person who has gained an advantage by means of such fraudulent act will be converted into a trustee for those who have been injured thereby.

2. *Equity — Payment — Reasonable Time.*—Where, in case of property sold under a deed of trust, the debtor party is promised a reconveyance thereof upon payment of the money owing under the deed within a reasonable time, special circumstances, the situation of the parties, and the character of the property, must be taken into account in affixing the standard. Where a person became possessed of property in such a way that the law would have held him a trustee, the lapse of time would make no difference.

### Appeal from Buchanan Circuit Court.

*Woodson & Jones,* for appellant.

I.   It is clearly shown that the property was sold by the trustee with the distinct understanding that it might be redeemed; and, such being the agreement, the title was held in trust by defendant. (Brown on Fr., § 34, and cases referred to; 1 Watts, 214; 12 Mo. 30.)

II.   A "reasonable time," as mentioned in this agreement, and its determination, might depend upon the circumstances of the parties; but a trust created by parol cannot be revoked, altered, or extinguished. (Hill on Trust. 60.)

III.   The property being held in trust by the defendant, such trust could not be terminated without some act on part of defendant. (See same authority.)

IV.   The refusal of defendant to permit plaintiff to redeem, under the circumstances, is a fraud upon plaintiff, and the deed should be set aside. (Hill on Trust. 144–7, 151; 12 Mo. 30; 12 Wend. 41.)

*Ensworth & Bassett,* for respondent.

I.   The allegations in the appellant's petition do not amount to a contract, but merely to a privilege (26 Mo. 52–53.) There is

13—VOL. XLII.

no consideration alleged as passing from appellant to respondent to uphold the allegations as a contract.

II. Appellant did not apply to redeem the lot within a reasonable time. (4 U. S. Dig. 86, 87, No. 548; 3 Bibb, 331; Chitty on Cont. 730.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit in the nature of a bill in equity, brought by the plaintiff against the defendant, to set aside a conveyance made at trustee's sale, upon the payment of a certain amount of money which the plaintiff owed to the defendant, and which the property was conveyed to satisfy. It appears from the record that in 1858 the defendant loaned to the plaintiff the sum of four hundred and eighty dollars, which was secured by a deed of trust on a lot situated in Smith's addition to the city of St. Joseph. The loan was made on a credit of twelve months, and the plaintiff, being in embarrassed circumstances, was unable to pay; therefore, on the 13th day of May, 1863, the defendant caused the property to be sold under the deed of trust, and became the purchaser of the same for the sum of five hundred dollars. It is conceded that this was the full value of the lot at the time. The plaintiff states in his petition that, prior to the sale, the defendant told him that she was having the property sold, that she might have its legal title in herself, but that she did not intend to hold it against him or any other person he might convey it to, provided the amount of the debt and the interest thereon were paid to her in a reasonable time, and that he need not give himself any uneasiness about it, if he could get the money and pay her in any reasonable time. The petition further avers that, resting under assurance thus given by defendant, the plaintiff made no effort to prevent the sale of his property, or to get persons to attend the sale, or to make the property bring more than the defendant saw fit to bid for it—one or both of which he would have done had it not been for the understanding he had with the defendant. He also states that, in the spring of 1865, within a reasonable time, he offered to redeem the property, but defendant objected, and that in April, 1866, he tendered the defendant, in legal-tender notes of the United States,

the amount of her debt and interest, and demanded a reconveyance of the property, when she refused to receive the money or convey the property.

The defendant, in her answer, states that she purchased the lot in good faith, with the sole purpose of investing herself with the title to her own proper use and behoof, and that she was not in any way bound, by promise or otherwise, to let the plaintiff have the lot, and that he made no effort to obtain a conveyance of the same till near three years had passed after the sale. She admits that she stated in a conversation that she did not intend to hold the title against the plaintiff, or any other person to whom he might convey it, if the amount he owed her was paid in a reasonable time, and says that she would have been glad if he had paid the money and taken the lot for fifteen or eighteen months after the sale, for she could not sell it for more than five or six hundred dollars during that time. She denies that she made any assurance or representation to plaintiff that should in any manner have prevented him from paying his debts and protecting his property by getting persons to attend the sale or otherwise. On the trial, both the plaintiff and defendant were sworn as witnesses, and their evidence was in substantial corroboration of the petition and answer. There was some other testimony given, but not materially changing the effect or purport of that given by the parties. It showed an understanding by the witnesses that the plaintiff was to have the property conveyed back to him, if within a reasonable time he paid the defendant the amount of the debt and interest which he owed her. The evidence is inconclusive and wholly insufficient to show that there was ever any express agreement or contract between the parties in relation to the matter. The defendant did not want the lot; she wanted her money, and the property was considered an inadequate satisfaction for her demand till some two years after the sale by the trustee, when it enhanced in value. In her testimony, she says that after the sale she tried to sell the lot, and asked the plaintiff if he would take it back and pay her the money, and he replied that he did not have the money, and did not think he would ever be able to own property in St. Joseph, and that he was going to leave the place. After this

declaration on his part, had she not a right to believe that he had abandoned all intention of attempting to re-acquire the title to the lot? It is a well-settled principle of equity law that where a purchaser becomes such, under such circumstances or state of facts as would make it a fraud to permit him to hold on to his bargain, as by representing that he is buying for the benefit of the embarrassed debtor in the execution, or that he intended to reconvey the property, and thereby obtains it at a sacrifice, the court will relieve against such fraud; and the person who has gained an advantage by means of such fraudulent act will be converted into a trustee for those who have been injured thereby. (Rose v. Bates, 12 Mo. 30; Slowey v. McMurray, 27 Mo. 118; Estill v. Miller, 3 Bibb, 177; Brown v. Lynch, 1 Paige, 147; Flagg v. Mann, 3 Sumn. 486; Allen v. McPherson, 1 Phil. 133; 5 Beav. 469; 1 H. L. Cas. 191; Hill on Trust. 144, *n*; Rutherford v. Williams, *ante*, p. 18.)

But is there any evidence in the present case showing that the defendant obtained the property by means of any fraudulent act, or that the retention of it by her would be unconscionable? She employed no means to decry the value of the property or to prevent bidding or competition at the sale. The remark that she made to the plaintiff, that she would convey the property back to him if within a reasonable time he would pay her the amount he owed her, was a mere gratuitous offer, intended as a kindness and privilege to him. It does not appear to have been made for any sinister or unfair purpose, and she gained no advantage thereby; for it is fully proved, and stands admitted, that she bade the full value of the property at the sale.

The most, then, that the plaintiff had any right to rely on, was to avail himself of this privilege of paying the money within a reasonable time and obtaining a reconveyance. What is to be considered a reasonable time cannot be definitely settled as a rule applicable to all cases alike.

Special circumstances must be taken into consideration when the question comes to be applied to any given case. The situation of the parties and the character of the property must be taken into account in affixing the proper standard. The defendant, in

Tarwater v. Hannibal & St. Joseph R.R. Co.

her answer, states that she was ready and willing to let the plaintiff have the property at any time within fifteen or eighteen months after she had purchased it, and it clearly appears that the plaintiff was not ready or willing to pay the money within that time. Surely this was extending the time to the utmost limit, and giving far greater indulgence than the law would imply. Had the defendant become possessed of the property in such a way that the law would have held her a trustee, time would have made no difference, and she could only have relieved herself by doing equity; but as we have come to the conclusion that she did not get the title clothed or impressed with any trust, we think that a reasonable time had expired long before the plaintiff made any effort or evinced a willingness to comply with her proposition.

With the concurrence of the other judges, the judgment will be affirmed.