ADA CROWLEY, Respondent, v. JAMES C. CROWLEY et al., Appellants.

Kansas City Court of Appeals, May 25, 1908.

1. **TRUSTS AND TRUSTEES: Frauds and Perjuries: Evidence.**
A trust of personal property is not covered by the Statute of Frauds and may be established by parol evidence, which, however, must leave no room for reasonable doubt as to its essential terms.

2. ———: **Evidence: Admissions.** Evidence of admissions made by the party to be charged with a trust are considered unsatisfactory, especially when they are not altogether consistent.

3. ———: ———: **Sufficiency.** Evidence relating to the disposition that the defendant was to make of his brother's personal property is reviewed and held insufficient to establish a trust in favor of plaintiff, since a trust must be reasonably certain as to its nature and the *cestui que trust* and the portions which they are each to take.

4. ———: **Property of Decedent: Bailor: Suggestions.** Where a decedent leaves his personal property in the hands of his·brother with certain expressions of his desire as to its disposition, the property does not become the brother's property and is subject to administration in due course of law, and suggestions are made as to the proper proceeding under the evidence.

Appeal from Carroll Circuit Court.—*Hon. John P. Butler*, Judge.

REVERSED AND REMANDED (*with directions*).

*C. T. Garner & Son* and *J. L. Farris, Jr., & Roberts* for appellant.

(1) The evidence fails wholly in establishing any trust. Before a trust can be declared by the court, the evidence of such must be clear and explicit in defining the manner of its disposition, definite as to its beneficiaries. (2) The heir is not the proper party to sue for property belonging to the deceased unless there are no debts, and unless they are all of age and have agreed to the manner of its distribution. It requires these elements to take the case from the general rule, that upon the death of a party the entire title to the personal property passes to the administrator. Griesel v. Jones, 123 Mo. App. 55. (3) This property either (1) belongs to James C. Crowley with which to pay debts, and (2)· to use for the daughter and widow of deceased in procuring them a home, (3) with the excess to James C. Crowley, (4) or to James C. Crowley, or (5) it belongs to the estate of Jeremiah Crowley. In either or all such events the plaintiff is not the proper party to bring the suit. Clearly the administrator of the estate of Jeremiah Crowley is the only party. (4) Where the trust rests in parol the testimony ought to be clear and explicit. Pitts v. Weekly, 155 Mo. 109. And trusts can not be established by loose, vague and indefinite expressions or statements of

the party. Kramer v. McCaughey, 11 Mo. App. 426; Darling v. Potts, 118 Mo. 506; Huetteman v. Biesselman, 48 Mo. App. 582. (5) Even an implied trust can only be established by evidence that is so clear, unequivocal, definite and positive as to leave no reasonable doubt as to its existence in the mind of the chancellor as to the existence of the trust. Burdett v. May, 100 Mo. 13; Mulock v. Mulock, 156 Mo. 431.

*Lavelock & Kirkpatrick* for respondent.

(1) A trust in personalty may rest in parol. The evidence abundantly establishes that the personal assets in question were delivered to James C. Crowley by Jeremiah Crowley for the beneficiaries named in this suit, and that he, thereafter, held the same in trust for them. 1 Perry on Trusts (5 Ed.), secs. 82, 86; Bispham's Principles of Equity (4 Ed.), sec. 65, p. 98; 28 Am. and Eng. Ency. of Law (2 Ed.), pp. 866-870; Lane v. Ewing, 31 Mo. 86; Harris v. Miller, 190 Mo. 664; Huetteman v. Viesselmann, 48 Mo. App. 585; Zeideman v. Molasky, 118 Mo. App. 118. (2) The capacity of the plaintiff to sue was waived on the trial by the defendants' failure to raise the question by special demurrer or answer as required by statute. R. S. 1899, sec. 602 (Ann. St. 1906, p. 628); Pattison's Code Pleading, sec. 833, p. 427; Bulkley v. Iron Co., 77 Mo. 106; Gregory v. McCormick, 120 Mo. 663; Bender v. Zimmerman, 135 Mo. 57; Jones v. Railroad, 178 Mo. 538; Baxter v. Transit Co., 198 Mo. 6, et seq.; Randolph v. Railroad, 18 Mo. App. 614; Clark v. Hughes, 73 Mo. App. 634; Clark v. Lopp, 80 Mo. App. 553; Alexander v. Wade, 106 Mo. App. 150; Sommer v. Bank, 108 Mo. App. 493. (3) This suit was properly instituted by the plaintiff as beneficiary of a trust. Griesel v. Jones, 123 Mo. App. 45.

ELLISON, J.—Jeremiah Crowley died leaving a widow and Susan Hall, his only living child. His other

children had died, some of them leaving children, grand-children of Jeremiah. This plaintiff is a granddaugh-ter. The defendant James is a brother of deceased; and the other defendants are his widow and Susan, his daughter, and his other grandchildren. James is the principal defendant, the others having been made parties by reason of not joining as plaintiffs. The object of the action, which is in equity, is to charge James as trustee with property in his hands in trust for plaintiff and the other defendants as heirs of Jeremiah. The trial court found for plaintiff, and directed the discharge of James as trustee, appointed another and directed an accounting to him. Defendant James thereupon appealed.

Plaintiff's claim is that Jeremiah died in Ray county at the home of his brother James, leaving some land in Oklahoma and personal property in Ray county, the latter consisting of two notes given by J. D. Griffey, one for $200 and the other for $1,000, and cash in bank, $176.09, and another note for $76; and that some two weeks or more prior to his death Jeremiah transferred this property to James, with which he was to pay Jeremiah's debts, and collect and distribute the balance to the heirs equally as they should be entitled under the law.

A trust of personal property is not covered by the Statute of Frauds and therefore it may be established by parol evidence. But such evidence must leave no room for reasonable doubt as to its essential terms. It is said that its lines must be "just as definite and clear" as in express trusts established in real estate by writing. [Pitts v. Weakley, 155 Mo. 109, 134.] We dealt at length with this phase of the case in that of Mead v. Robertson, 131 Mo. App. 185, and need do no more than refer to that case.

Giving heed to this statement of the law, we are forced to the conclusion that the plaintiff's case must

fail for indefiniteness of proof. The evidence in plaintiff's behalf consists principally in admissions defendant James is said to have made. Evidence of such nature is considered to be unsatisfactory. [Mulock v. Mulock, 156 Mo. 431, 441; Pitts v. Weakley, supra.] Besides, it was not altogether consistent. Some of the witnesses testified that he stated to them that his brother's directions were that what property was in this State was to be equally divided with the heirs; but the land in Oklahoma "was to be his widow's and to go to Mrs. Hall," his daughter Susan. Others gave his statement to them and nothing was said about land in Oklahoma. Others gave his statement as that "he was to look after Susie as long as he lived and he had agreed to do it, and he spoke about this land in Oklahoma and he wanted her (Susan) to have a home."

There was other evidence, to which we will again refer, which tended to show that he wanted his daughter Susan to have the land (or at least some quantity of land) in Oklahoma. There was evidence tending to show that he entrusted the Oklahoma land to supervision of James as well as his property in this State. In other words, that the whole estate was turned over to James. So it might fairly be said that when James admitted he was to take the property, or the estate, and divide it equally with all the heirs, it meant the land as well as personalty. In that view there would arise the difficulty of binding Susan in this action, who, it seems, was to have at least half of it, by the admissions of defendant James. It is true she was a witness for the plaintiff, and testified that James admitted to her that he was to divide among the heirs equally. But her testimony as to what James admitted would, of course, not bind her as to her ultimate rights in the property if she should claim one-half. It appears in an incidental way that she has obtained one-half.

But a great difficulty in supporting the judgment

is that there were five or six persons present and heard from Jeremiah himself, while sick at his brother James' house, the disposition he made of his property; and those of them testifying discredit plaintiff's case. There were McGaugh, Griffey and wife, defendant James Crowley and wife, and probably Crowley's sister. Mc-Gaugh testified that Jeremiah said he did not want to die owing anything; that he wanted his brother James "to take those notes and that money he had and pay his debts and see after his daughter Susie, that she was first, Susie Hall his only daughter; then he made some remarks about his wife, and then told him to use the rest to the best of his advantage, that is about the words he said." Griffey testified substantially to the same thing. He stated that Jeremiah said that he wanted James to pay his debts; to see that his daughter Susan was taken care of and to pay himself for his trouble, and to go down to Oklahoma with his wife whom he wanted to have eighty acres of the land. Mrs. Griffey testified much the same.

In this state of the evidence we find ourselves altogether unwilling to dispose of the estate on the theory of a trust for the benefit of the heirs. The subject of the trust and the beneficiaries thereof are altogether too uncertain and indefinite. The trust will not be executed if the precise nature of it, and particular persons, who are to take as *cestuis que* trust, and the portion which they are to take can not be ascertained. [1 Perry on Trusts (5 Ed.), secs. 83, 86.] "A trust must be reasonably certain in its terms as to the property embraced in the trust, the beneficiaries, the nature of the estate they are to have, and the manner in which the trust is to be executed, and when either of these elements is indefinite or uncertain, the trust must fail." [Smullin v. Wharton (Neb.), 103 N. W. 288; Mead v. Robertson, 131 Mo. App. 185.] We therefore find ourselves in such state of mind as not to

Crowley v. Crowley.

feel that confidence as to the right of the matter which we should feel in order to justify a judgment for the plaintiff. When such is the condition of mind of the court the law, happily, finds the way out of the difficulty by prescribing that there shall not be a judgment declaring and enforcing a trust unless the evidence is convincing beyond a reasonable doubt.

It is, however, too plain for dispute that the defendant James C. Crowley has no right to, or ownership of, any part of the estate. It has been turned over into his possession. The plaintiff says, in trust. This he denies and plaintiff has failed to prove it. So, therefore, the property, in law, is that of an unadministered estate. There should be an administrator, unless all parties agree upon a settlement without that expense. If this is not done, possession may be secured by the administrator of the estate or its proceeds, less the payment of debts, if any, which the deceased directed to be paid. If defendant James has a valid claim of his own against the estate, it should be allowed in due course under the law. The amount left will not justify much expenditure and the case is one calling for a harmonizing of interests to the end that there may not be further litigation. The judgment is reversed and cause remanded with directions to dismiss plaintiff's bill. All concur.