AMERICA E. WATSON, et al., Respondents, v. REU-
BEN PAYNE, Executor of the will of Addison
Payne, deceased, Appellant.

**Kansas City Court of Appeals, May 9, 1910.**

1. **TRUSTS: Creation by Parol.** The mother of plaintiffs at
the time of her death, owned a farm. She left some debts and
the property was sold by the administrator to pay same. Her
father, of whose will defendant is executor, purchased at this
sale. Plaintiffs' father mortgaged his life interest in the prop-
erty. His note was purchased by his wife's father, who fore-
closed the same and acquired title to the property. Plaintiffs'
said grandfather afterwards sold the property. Both before and
after the sale he said he would hold the surplus coming from the
sale of the land, after paying the cost to him, for the children
of his daughter. The trial court properly held that said children
were entitled to said surplus.

2. ————: ————: **Real or Personal Property.** The rule that
forbids the creation of an express trust in land by parol does
not apply to a trust in personalty. The fund in this case was
personal property, not real estate.

3. **PAROL TRUST: Sufficiency of Evidence.** A parol trust must
be established by evidence that is convincing, and the terms
must be clear, definite and complete. But the evidence need not
be uncontradicted.

4. **TRUSTS: Executory or Executed.** Although a voluntary
executory agreement to create a trust as to personal property
cannot be enforced, yet when it is executed it is irrevocable and
may be enforced in equity.

5. ————: ————: ————. An executed trust is one that is
completely created or declared; an executory trust is one that
is incomplete, a promise to create a trust. The latter cannot be
enforced unless supported by a valuable consideration.

6. ————: ————: ————: **Limitations.** As between trustee and
*cestui que trust* in the case of an express trust, the statute of
limitations has no application and no length of time is a bar
except in case of repudiation or adverse possession by the trus-
tee, and knowledge thereof by the *cestui que trust*,

143 App—46

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Wilson & Clapp* for appellant.

'(1)   An express trust as to land cannot be created by parol.   R. S. 1899, sec. 3416; Woodford v. Stephens, 51 Mo. 443; Crawley v. Crafton, 193 Mo. 421.   (2)   A voluntary executory agreement to create a trust as to personal property cannot be enforced.   Banking Co. v. Miller, 190 Mo. 640.   (3)   A trust as to personalty can be proven by parol, but the evidence of it must be of the most cogent and convincing character; it must be so clear, definite and positive as to leave no reasonable doubt in the mind of the chancellor.   A mere preponderance of evidence will not meet the requirements of the rule.   There must be certainty in the proof beyond reasonable doubt from end to end.   Mulock v. Mulock, 156 Mo. 431; Pitts v. Weakley, 155 Mo. 109; Rosenwald v. Middlebrook, 188 Mo. 59; Russell v. Sharp, 192 Mo. 271; Kirk v. Middlebrook, 201 Mo. 245; Crowley v. Crowley, 131 Mo. App. 178; Mead v. Robertson, 131 Mo. App. 185.   (4)   The right of the adult plaintiffs to sue is barred by the Statute of Limitations.   Addison Payne lived for nine years after he sold the land, and each of these four plaintiffs had been of age more than five years before his death.   R. S. 1899, sec. 4273; Johnson v. Smith, 27 Mo. 593; Smith v. Ricords, 52 Mo. 581; Ricords v. Watkins, 56 Mo. 553; Bent v. Priest, 86 Mo. 475; Shelby Co. v. Bragg, 135 Mo. 291; Garrett v. Conklin, 52 Mo. App. 654.   (5)   The right of action of the four plaintiffs above named is barred by their laches. Loomis v. Railway, 165 Mo. 469; Dexter v. MacDonald, 196 Mo. 373.

*A. W. Mullins* for respondents.

(1) Addison Payne, defendant's testate, held the fund in question in trust for the use of the plaintiffs. Banking Co. v. Miller, 190 Mo. 640; 1 Perry on Trusts (5 Ed.), sec. 86; Martin v. Funk, Admr., 75 N. Y. 134; In re Estate of Soulard, 141 Mo. 662; Gerrish v. Ins. for Savings, 128 Mass. 159; Alger, Admr., v. Bank, 146 Mass. 418; Smith & Barber, Exrs., v. Darby, 39 Md. 268; Savings Institution v. Titcomb, 96 Me. 62; Savings Institution v. Hathorn, 88 Me. 122; Roach v. Caraffa, 85 Cal. 436; Ray v. Simmons, Admr., 11 R. I. 266; Brooke's Appeal, 109 Pa. St. 188; Huetteman v. Viesselmann, 48 Mo. App. 582. (2) Parol evidence was admissible and competent to establish the trust. 1 Perry on Trusts (5 Ed.), sec. 86; Banking Co. v. Miller, 190 Mo. 640; Huetteman v. Viesselman, 48 Mo. App. 582; 2 Wharton on Evid. (2 Ed.), secs. 903, 1038. The declarations of Addison Payne with respect to his acquisition of the land and the use he would make of it; that it was to be converted into money, as it was converted into money, bound the proceeds derived from the sale of the land in his hands as effectually as did his declarations made after he sold the land and had received the money therefor. And therefore the evidence, as to his declarations made prior as well as those made subsequent to the sale of the land and receipt of the money by him, was competent. 1 Perry on Trusts (5 Ed.), sec. 86; Maffit v. Rynd, 69 Pa. St. 39. (3) A voluntary perfected trust may be enforced in equity, and is irrevocable. 28 Am. and Eng. Ency. Law (2 Ed.), 889; Atkinson, Petitioner, 16 R. I. 413; Banking Co. v. Miller, 190 Mo. 640; Leeper v. Taylor, 111 Mo. 312, 324; Ewing v. Lane, 31 Mo. 75. (4) And where a trust has been once perfectly created with an intelligent comprehension of the nature of the act, it is irrevocable, even though it be voluntary, and subsequent acts, if there be any, of the seller or the trustee cannot

affect it.  28 Am. and Eng. Ency. Law (2 Ed.), 889;
Pomeroy's Eq. Jur. (2 Ed.), secs. 996, 997; Leeper v.
Taylor, 111 Mo. 312; Hellman v. McWilliams, 70 Cal.
449; Light v. Scott, 88 Ill. 239; Willis v. Smyth, 91
N. Y. 297; Smith & Barber, Exrs., v. Darby, 39 Md.
268.  (4) The Statute of Limitations, pleaded in de-
fendant's answer as against a part of the plaintiffs,
does not apply or operate in this case.  2 Perry on
Trusts (3 Ed.), sec. 863 and note 1; Wood on Limita-
tions, sec. 200 and note 1; 13 Am. and Eng. Ency. Law
(1 Ed.), 863 and note 4; Gillespie v. Stone, 70 Mo.
505; McNew v. Booth, 42 Mo. 189.

JOHNSON, J.—Plaintiffs alleged that as benefi-
ciaries of a trust declared in their favor by their grand-
father, they are entitled to receive the entire trust fund,
and this suit is to recover it from the estate of their
grandfather who died testate in Sullivan county, No-
vember 26, 1906.  The answer is long, but its legal ef-
fect is to deny the existence of a trust and to plead the
statute of limitations.  The court resolved the issues
in favor of plaintiffs and rendered judgment against
defendant executor for $1400.  Defendant appealed.

Plaintiffs were the children of John S. and Mar-
tha J. Page. Addison Payne, a man of wealth who lived
in Sullivan county, was the father of Mrs. Page.  In
1894, Mrs. Page became the owner in fee simple of a
farm of one hundred and twenty acres in Linn county.
Her husband was insolvent at that time and was much
indebted to her father.  Seven months later, Mrs. Page
died intestate owing some debts.  One of the creditors
of her estate procured the appointment of an admin-
istrator.  The demands allowed against the estate and
the expenses of administration amounted in all to
$251.68.  There was no personal estate and in 1897,
the farm was sold at administrator's sale to pay the

debts. Addison Payne bought it for $251.68, the exact amount of the total indebtedness. Six months afterward, through the agency of the father of plaintiffs, he sold and conveyed the farm to a stranger for $2000. The sale was consummated December 16, 1897. At that time, the ages of plaintiffs were as follows: America 26, Minnie 22, Amanda 20, Reuben 15, Caleb 13, and Flem 6. In 1895, the father of plaintiffs gave a deed of trust to one of his creditors to secure a note of $378. This deed conveyed his life estate in the land as tenant by the curtesy. The farm was worth $2000, and the value of the life estate was $1275. Addison Payne purchased this note and in April, 1897, had the farm sold under the deed of trust and became the purchaser of the life estate. By this purchase and the purchase at the administrator's sale, he acquired the full legal title to the land at an outlay of $251.68 paid the administrator, and $378 paid for the note secured by the trust deed. When he sold the farm, he paid the father of plaintiffs fifty dollars for his services in effecting the sale. His total outlay was $681.68. In arriving at the amount due plaintiffs, the court deducted this sum from $2000, the proceeds realized from the sale of the land, and computed interest on the remainder from the date of the commencement of this suit. The result was a judgment in the sum of $1400. Plaintiffs contend that before he purchased the farm at the trustee's and administrator's sales Addison Payne declared a trust in favor of plaintiffs, his grandchildren, and that after he bought the farm and became the fee simple owner thereof, and again after he sold it, he repeated the declaration. Defendant denies that a trust was declared and his evidence tends to show that Mr. Payne, in purchasing the farm, acted solely for his own gain in the expectation that he might be able to recoup some of his own loss as a creditor of his son-in-law. There is no writing to prove the trust, but we find the evidence of plaintiffs is clear and cogent that

Mr. Payne, before he acquired the land and after he had converted it into money, repeatedly declared his intention and purpose of acting in the matter only as the trustee of his grandchildren. At the time the administrator of his daughter's estate was appointed, he declared in the presence of the probate court that he "would buy the land, pay the debts against the estate, and if there was any surplus, would hold it for the children of Mrs. Page." After the conversion of the land into money, he told one witness: "I got it all wound up in good shape and I am going to take care of it . . . for the Page heirs . . . they are my grandchildren and I am going to see that they get it and after they become of age why I will pay it over to them." Similar declarations were made to other witnesses and we find that the evidence of a declaration of a trust not only is clear but greatly preponderates in weight over the opposing evidence adduced by defendant. Further, we find there was no denial or repudiation of the trust by the trustee, though he retained the fund intact to the day of his death.

Defendant is right in his contention that "an express trust as to land cannot be created by parol." A trust of that character "shall be manifested and proved by some writing signed by the party who is, or shall be, by law, enabled to declare such trust," etc. [Sec. 3416, R. S. 1899; Woodford v. Stephens, 51 Mo. 443; Crawley v. Crafton, 193 Mo. 421.] But this rule does not apply for the reason that the trust in question related to personalty and not to land. It is reasonably clear that it was an original purpose of the declarant that the land should be converted into money, but whether such was his avowed purpose, or whether such purpose was declared in a manner certain and definite enough to effect immediately an equitable conversion of the land into personalty, it is certain that the land was turned into money with as much expedition as the circumstances would warrant, and that after, as well as

before such actual conversion, the intention was declared of holding the proceeds in trust for the benefit of plaintiffs.

We approve the doctrine expressed in the following quotation from Maffitt's Admin. v. Rynd, 69 Pa. St. l. c. 386: "It cannot be disputed that if a deed of land be made to A and B, upon a parol trust that they will hold for the benefit of the grantor, or a third person, which parol trust cannot be enforced against the land, in consequence of the 4th section of the Act of April 22, 1856, Pamph. L. 533, yet if they sell the land and convert it into money, a parol declaration made by them, subsequently to such sale and conversion, will be entirely effectual."

The trust estate should be regarded as personal, not real, property. Anticipating that such might be our holding, counsel for defendant argue in their brief: "A trust as to personalty can be proved by parol, but the evidence of it must be of the most cogent and convincing character; it must be so clear, definite and positive as to leave no reasonable doubt in the mind of the chancellor. A mere preponderance of the evidence will not meet the requirements of the rule. There must be certainty in the proof beyond reasonable doubt from end to end." Citing Mulock v. Mulock, 156 Mo. 431; Pitts v. Weakley, 155 Mo. 109; Rosenwald v. Middlebrook, 188 Mo. 58; Russell v. Sharp, 192 Mo. 271; Kirk v. Middlebrook, 201 Mo. 245; Crowley v. Crowley, 131 Mo. App. 178; Mead v. Robertson, 131 Mo. App. 185.

The evidence must be convincing and the terms of the trust must be clear, definite, certain and complete. Mere preponderance of evidence adduced by the party affirming the trust will not suffice, but it would be carrying the rule to an unreasonable and unjust length to say, as defendant apparently would have us say, that the evidence of the trust must be uncontradicted. It suffices if the evidence is strong enough to thoroughly convince the chancellor that a trust was declared and

the terms of the trust are defined with clearness and certainty.

The next rule invoked by defendant is that "A voluntary executory agreement to create a trust as to personal property cannot be enforced." But the trust under consideration is executed, not executory, and as such it may be enforced in equity and is irrevocable, though voluntary. An executed trust is one that is completely created or declared; an executory trust, one that is incomplete—a promise to create a trust. [3 Pomeroy, Eq. Jurisprudence (3 Ed.), sec. 996.] Under the rule that a promise without valuable consideration is not binding, an executory trust, *i. e.*, a promise to create a trust, cannot be enforced if it be unsupported by a valuable consideration. But if the trust be executed, *i. e.*, completely declared, the absence of a consideration is immaterial and it may be enforced though voluntary. [Atkinson, Petitioner, 16 R. I. 413; Harris Banking Co. v. Miller, 190 Mo. 640; Leeper v. Taylor, 111 Mo. 312; Ewing v. Lane, 31 Mo. 75.]

We conclude that a valid trust was constituted in favor of plaintiffs with respect to the net proceeds of the land, including that part representing the value of the life estate as well as that part representing the remainder.

Defendant is in error in thinking that the statute of limitations began running against each of the plaintiffs as he became of age. "As between trustee and *cestui que trust,* in the case of an express trust, the statute of limitations has no application and no length of time is a bar. Against an express and continuing trust, time does not run until repudiation or adverse possession by the trustee and knowledge thereof on the part of the *cestui.*" [2 Perry on Trusts (5 Ed.), sec. 883; Wood on Limitations, sec. 200; Gillespie v. Stone, 70 Mo. 505; McNew v. Booth, 42 Mo. 189.] There was no repudiation of the trust during the lifetime of the

trustee and this point must be ruled against defendant.

Certain questions of evidence are presented by counsel, but their decision is not important. Should we resolve them in favor of the position of defendant, it would not alter the disposition we should make of the case.

The judgment is affirmed. All concur.