BANK OF PERRYVILLE, a corporation,
Plaintiff,

v.

Jesse S. KUTZ, Administrator of the Estate
of Henry Kutz, deceased, Respondent,

Agnes Kohlfeld, Interpleader-Appellant.

No. 29022.

St. Louis Court of Appeals.

Missouri.

March 15, 1955.

Rehearing Denied April 15, 1955.

Not to be reported in State Reports.

R. P. Smith, Cape Girardeau, for appellant.

Leo J. Rozier, Perryville, for respondent.

DAVID A. McMULLAN, Special Judge.

This is an action of interpleader filed by the Bank of Perryville against the respond-

ent, Jesse S. Kutz, administrator of the estate of Henry Kutz, deceased, and the appellant, Agnes Kohlfeld; surviving widow of Tony Kohlfeld. The amount involved is a balance of $1,300 on deposit in the checking account of one Henry Kutz, deceased, in said bank.

The petition was sustained, the fund duly deposited with the clerk of the circuit court, and the plaintiff discharged. The respondent and the appellant each claim the fund and, by stipulation, the cause was submitted to the trial court without any evidence being produced but wholly upon an agreed statement of facts. The trial court ordered the fund on deposit paid to the respondent, Jesse S. Kutz, administrator of the estate of Henry Kutz, deceased, and dismissed the claim of Agnes Kohlfeld. From this judgment appellant perfected this appeal.

The agreed statement of facts sets out that Henry Kutz had a checking account with the plaintiff bank and deposited funds therein under an agreement whereby the bank agreed to pay all or any part of the funds deposited in said account to the said Henry Kutz or to any person or persons designated by him on regular checks. On or about April 14, 1952, the cashier of the bank, at the direction of Henry Kutz, inserted upon its records of Henry Kutz's deposits the following statement: "Payable on death to Tony Kohlfeld," after which Henry Kutz advised Tony Kohlfeld of such facts.

Thereafter, Henry Kutz died intestate April 28, 1952, without having changed the designation on the bank's records, at which time the balance on deposit was $1,300. It was further stipulated no deposits or withdrawals were made between April 14, 1952, and April 28, 1952; that the bank did not consider the designation as authority for Tony Kohlfeld to draw checks on said account, and checks drawn by him would not have been honored, and that Henry Kutz at all times retained the right to draw checks on the account. It was further agreed that respondent was duly appointed and acting administrator of the estate of Henry Kutz, and that through proper pro-

bate proceedings Agnes Kohlfeld, as surviving widow, became entitled to all rights in said fund to which Tony Kohlfeld may have been entitled.

Appellant claims the fund on the theory that the undisputed facts show an executed gift causa mortis, and that if the facts fall short of constituting a completed gift then they show the creation of a trust in favor of appellant's husband on the death of the donor.

■ To establish a gift causa mortis it is essential to prove that it was made in reasonable expectation of impending death. Northrip v. Burge, 255 Mo. 641, 164 S.W. 584; Slager v. Allen, Mo.App., 220 S.W.2d 752.

■ There is nothing contained in the agreed statement of facts to indicate that Henry Kutz was ill at the time he gave the direction to the cashier of the bank, or that he was in reasonable expectation of impending death. The fact that Henry Kutz died fourteen days after giving his instructions to the cashier is not sufficient to show that the direction was given in contemplation of impending death. For all that appears from the record, Henry Kutz may have died as the result of an unforeseeable accident.

■■ Without a delivery, either actual or symbolic, or to someone in behalf of the donee, there can be no valid gift, either causa mortis or inter vivos. Slager v. Allen, supra; Cartall v. St. Louis Union Trust Co., 348 Mo. 372, 153 S.W.2d 370; Tygard v. McComb, 54 Mo.App. 85; Starks v. Lincoln, 316 Mo. 483, 291 S.W. 132; Martin v. First National Bank, 206 Mo. App. 629, 227 S.W. 656. Henry Kutz did not deliver anything to Tony Kohlfeld or to anyone in his behalf. Appellant, in her briefs, does not suggest to whom there was a delivery. Henry Kutz did not part with control of the account, and he at no time surrendered his exclusive right to withdraw the account, partially or fully. There was no change insofar as his dominion over the fund was concerned before or after the time the direction to the cashier was

given. The fact he did not withdraw funds is not evidence he did not have the right to do so, in view of the agreement that Henry Kutz "at all times retained the right to draw checks on said checking account."

The agreed statement of facts does not reveal the intention of Henry Kutz, in directing the insertion of the statement "Payable on death to Tony Kohlfeld" upon the records of the bank account, whether he intended to make a gift or whether the words were intended for other purposes. The bank did not consider the direction as authority for Tony Kohlfeld to draw checks on said account.

In all the cases cited by appellant in an effort to sustain her position, delivery—either actual, symbolic, or to another person in behalf of the donee—was shown by the evidence.

The contention of appellant that, "If the facts fall short of constituting a completed gift, they certainly show the creation of a trust in favor of appellant's husband on the death of the donor," cannot be sustained.

In Cartall v. St. Louis Union Trust Co., supra, it is stated, 153 S.W.2d loc. cit. 377: " 'The rule is well established that equity will not give effect to an imperfect gift by enforcing it as a trust, merely because of the imperfection, since to do so would be to give effect to an intention never contemplated by the maker.' "

In Northrip v. Burge, 255 Mo. 641, loc. cit. 654, 164 S.W. loc. cit. 586, the court stated: "But, in order to create a valid verbal or parol trust in personal property, three things are indispensable: first, the words of the settlor must express a declaration and grant by him of an estate or interest containing all the essential elements of a trust; second, there must be a definite subject-matter of a trust; third, there must be a definite object or beneficiary of the trust. These necessary conditions to the existence of a completed verbal trust of personal property exclude from that category all voluntary executory agreements for the creation of such a trust, as well as all unexecuted or imperfect gifts of personal property."

In the case at bar, Henry Kutz did not divest himself of control of the account, but on the contrary retained control so that he could use it for his own purpose. He did not declare an intention to create an estate or interest in Tony Kohlfeld, nor signified that he considered himself, the bank, or the cashier, as trustee to hold title thereto for and on behalf of Tony Kohlfeld. There is nothing to show his intent or purpose, or that he considered the fund disposed of.

Appellant cites the case of Harris Banking Co. v. Miller, 190 Mo. 640, 89 S.W. 629, 1 L.R.A.,N.S., 790, in support of her trust theory, but in that case it was entirely clear that the donor intended that the donee should have the fund at donor's death, and by his words and action donor notified the bank and the beneficiary that he had constituted himself a trustee for the purpose of securing the amount of the deposit after his death to the donee. The court held that the donor's words and actions clearly showed an intent to declare a trust in the present, and that he considered the matter a completed transaction and a final disposition of the fund.

The case of In re Estate of Soulard, 141 Mo. 642, 43 S.W. 617, is also relied upon by the appellant. In that case it was evident that the donor intended to make a complete disposition of the property by which the income should be paid to himself during life and the proceeds at his death to be paid to the donees absolutely. The object of the trust was clearly expressed. The disposition of the property was not in its nature testamentary, for it took effect immediately and was not postponed to the testator's death.

In Watson v. Payne, 143 Mo.App. 721, 128 S.W. 238, also cited by appellant, the court points out the trust must be clear, definite, certain and complete, and the donor in that case repeatedly declared his intention and purpose of acting in the matter only as the trustee of his grandchildren.

We hold that the stipulated facts in this case are insufficient to establish a gift to Tony Kohlfeld or the creation of a trust in his favor. It is therefore ordered that the judgment of the trial court be affirmed.

RUDDY, Acting P. J., concurs.